HOLLON, Appellee,

v.

HOLLON, Appellee; Athens County Child Support Enforcement Agency, Appellant.

[Cite as *Hollon v. Hollon* (1996), 117 Ohio App.3d 344.]

Court of Appeals of Ohio,
Fourth District, Athens County.

No. 96CA1745.

Decided Dec. 30, 1996.

*Thomas P. Taggart*, Athens County Child Support Enforcement Agency, for appellant.

*Thomas Cornn*, for appellee.

KLINE, Judge.

Athens County Child Support Enforcement Agency ("CSEA") appeals the judgment ordering it to pay costs and Ronald Lloyd Hollon's attorney fees. On appeal, CSEA contends that the Athens County Court of Common Pleas erred in assessing costs and attorney fees to CSEA because CSEA had not received notice of the hearing on the matter. We disagree because CSEA appeared at the hearing and failed to raise the notice issue; CSEA thus waived any error. CSEA also contends that the trial court abused its discretion when it awarded attorney fees. We disagree, although we do reverse and remand to modify downward to $225 the amount of attorney fees awarded. CSEA contends that a county agency is immune from the imposition of attorney fees and costs. We disagree. Finally, CSEA asserts that it cannot be assessed costs due to R.C. 325.27 and 325.31. We disagree. Accordingly, we affirm in part and reverse in part the judgment of the trial court.

I

The Athens County Court of Common Pleas granted Jane Collette Hollon and Ronald Hollon a divorce in 1991. The court ordered Mr. Hollon to pay child

support and directed him to set up a bank account from which the monthly child support would be deducted. Mr. Hollon established this account at Society Bank. After several reductions, the amount of Mr. Hollon's child support obligation being deducted from the Society Bank account was $394.76 per month.

Mr. Hollon eventually fell behind in the child support payments. In 1994, a judgment in the amount of $1,087.50 was entered against Mr. Hollon in favor of Ms. Hollon reflecting the shortfall in child support payments. CSEA sought to enforce this judgment when it garnished Mr. Hollon's account at Society Bank in December 1995. CSEA recovered $388.45 on December 22, 1995. Society Bank charged Mr. Hollon a $25 fee for the garnishment.

Mr. Hollon requested a hearing on the garnishment, which was held January 29, 1996. At the hearing, CSEA indicated that Mr. Hollon was current on his ·child support payments through January 31, 1996 with the exception of the 1994 judgment. CSEA thus sought to apply the garnished funds to the outstanding judgment. Mr. Hollon agreed that the garnished funds should be applied to the outstanding judgment. The trial court approved of the agreement on the garnished funds and instructed CSEA to prepare an entry and to submit it to Mr. Hollon's attorney for approval, which the trial court would then sign.

CSEA submitted an entry which altered the terms of the agreement to Mr. Hollon's attorney: CSEA sought to apply the garnished amount to the December 1995 child support payments. However, CSEA had represented at the January 29, 1996 hearing that the December 1995 child support payment was paid. Mr. Hollon's attorney refused to agree to the changed terms. CSEA then sought a hearing on the matter, which the trial court set for May 13, 1996.

On May 9, 1996, Mr. Hollon filed a motion seeking attorney fees and reimbursement of the $25 fee that Society Bank had charged him for the garnishment. The certificate of service on Mr. Hollon's motion indicates that the motion was mailed to CSEA on May 9, 1996. The trial court heard Mr. Hollon's motion and CSEA's motion on May 13, 1996. Mr. Hollon's attorney explained and Mr. Hollon testified regarding CSEA's attempt to change the terms of their earlier agreement. The trial court (1) ordered CSEA to pay Mr. Hollon's attorney fees in the amount of $350, the $25 fee imposed by Society Bank, and costs; (2) ordered that the $388.45 collected by the garnishment action be released to Ms. Hollon; and (3) held that the amount garnished would be applied to reduce the amount of the 1994 judgment.

CSEA now appeals the imposition of attorney fees, the $25 Society Bank charge, and costs and asserts the following assignments of errors:

"I. In a special limited hearing under R.C. 2716.13(C), the Athens County Common Pleas Court abused its discretion by considering other matters.

"II.   The Athens County Common Pleas Court was in error to consider the appellee's motion for attorney fees, as it was not properly before the court.   The appellee failed to comply with the requirements of Civ.R. 75(I) to bring this motion before the court.

"III.   The Athens County Common Pleas Court denied due process to the appellant by awarding fees without proper notice of the motion or hearing.

"IV.   The Athens County Common Pleas Court lacked statutory authority to order payment of appellee's attorney fees by appellant.

"V.   The Athens County Common Pleas Court's award of attorney fees was improper and void as statutory procedures for such an award were not followed.

"VI.   The Athens County Common Pleas Court's order is in error if intended as a Civ.R. 11 sanction.   Under the Civil Rule, a sanction may be imposed only against an attorney, not a party.

"VII.   The Athens County Common Pleas Court abused its discretion in ordering the Athens County CSEA to pay appellee's costs and attorney fees due to it being clothed with governmental immunity.

"VIII.   The Athens County Common Pleas Court cannot order the Athens County CSEA to pay any cost to the extent it includes any fee pursuant to R.C. 325.27 and 325.31."

## II

In its first, second, and third assignments of error, CSEA either argues or premises its argument on its accusation that it did not receive notice of the May 9, 1996 motion for attorney fees prior to the May 13 hearing.   However, it is axiomatic that errors not raised in the trial court may not be raised for the first time on appeal.   *Shover v. Cordis Corp.* (1991), 61 Ohio St.3d 213, 220, 574 N.E.2d 457, 462–463.   CSEA neither objected to the alleged lack of notice nor moved for a continuance at the May 13, 1996 hearing when the motion for attorney fees was held.   The only possible reference to the notice issue at the May 13 hearing was when the CSEA attorney stated that "we filed a motion, and I think we have a case of crossing motions here, on March 15, 1996, which simply requested today's date for a hearing on the issue of the release of the garnished funds, which are still being held by the clerk."   We find that this statement is insufficient to preserve any alleged error regarding the issue of notice for appeal.   Accordingly, CSEA's first, second, and third assignments of error are overruled.

## III

CSEA, in its fourth, fifth, and sixth assignments of error, contends that the trial court erred because it (1) lacked statutory authority to order the payment of

attorney fees and (2) if it did have statutory authority, abused its discretion in awarding attorney fees.

R.C. 2323.51(B)(1) provides that "the court may award reasonable attorney's fees to any party to that action adversely affected by frivolous conduct." R.C. 2323.51(A) defines "conduct" and "frivolous conduct" as follows:

"(1) 'Conduct' means filing a civil action, asserting a claim, defense, or other position in connection with a civil action, or taking any other action in connection with a civil action.

"(2) 'Frivolous conduct' means conduct of a party to a civil action or his counsel of record that satisfies either of the following:

"(a) It obviously serves merely to harass or maliciously injure another party to the civil action;

"(b) It is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law."

R.C. 2323.51(B) provides that the trial court must hold a hearing to determine (1) whether the particular conduct was frivolous, (2) if the conduct was frivolous, whether any party was adversely affected by it, and (3) if an award is made, the amount of the award. An award of reasonable attorney fees may be made against a party, his counsel of record, or both. R.C. 2323.51(B)(4).

A trial court's decision to impose sanctions will generally not be reversed absent an abuse of discretion. *Toth v. Toth* (1994), 94 Ohio App.3d 561, 565, 641 N.E.2d 254, 256–257; *Blackburn v. Lauder* (Nov. 12, 1996), Lawrence App. No. 96CA5, unreported, 1996 WL 666658. See, also, *State ex rel. Fant v. Sykes* (1987), 29 Ohio St.3d 65, 29 OBR 446, 505 N.E.2d 966. An abuse of discretion connotes a decision that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482, 450 N.E.2d 1140, 1142. However, the determination, pursuant to R.C. 2424.51(A)(2), of whether a pleading "is warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law" is a question of law which an appellate court reviews *de novo*. *Toth v. Toth, supra.*

### A

We first address the statutory authority to order payment of attorney fees. Neither Mr. Hollon's motion nor the judgment of the trial court mentioned R.C. 2323.51. CSEA seizes upon this omission to claim that the trial court lacked statutory authority to impose attorney fees. However, we find that the trial court did possess statutory authority to impose attorney fees pursuant to R.C.

2323.51. Mr. Hollon's motion and the transcript of the May 13 hearing both focused on whether CSEA's conduct was frivolous. It is therefore evident that the trial court utilized R.C. 2323.51 to impose attorney fees on CSEA.

CSEA's fourth assignment of error is overruled. CSEA's sixth assignment, in which it argued that the award of attorney fees was improper under Civ.R. 11, is moot because the attorney fees were imposed pursuant to R.C. 2323.51.

### B

■ We next examine whether the trial court abused its discretion in ordering CSEA to pay Mr. Hollon's attorney fees of $350 and the $25 garnishment fee assessed to Mr. Hollon by Society Bank. At the time the garnishment was undertaken, a $1,087.50 judgment against Mr. Hollon was outstanding. CSEA sought to collect this judgment on behalf of Ms. Hollon and chose to garnish the account from which Mr. Hollon's child support payment was deducted. At the ensuing hearing, CSEA and Mr. Hollon agreed that the amount garnished would be applied to the outstanding judgment. The trial court ordered CSEA to prepare an entry reflecting this agreement. However, CSEA attempted to change the terms of the agreement. Another hearing was eventually held and the trial court entered a judgment that essentially followed the parties' earlier agreement.

We find that the trial court did not abuse its discretion in finding that CSEA's conduct was frivolous. CSEA harassed Mr. Hollon by attempting to change an agreement that it had earlier entered into before the trial court. This attempt to change the terms caused another hearing to be held as well as a several-month delay. CSEA's frivolous conduct caused Mr. Hollon to incur additional legal expense for a hearing that was unnecessary. Most troubling is that CSEA's own client, Ms. Hollon, was deprived of the amount of the garnishment during this time.[1]

While we find that the trial court did not abuse its discretion in determining that CSEA's conduct was frivolous, we find it necessary to reduce the amount of attorney fee awarded. The amount of an award of attorney fees is that amount "both reasonably incurred by a party and necessitated by the frivolous conduct." R.C. 2323.51(B)(3)(b). A trial court's decision as to the appropriate level of attorney fees will not be reversed absent an abuse of discretion. *Murrell v. Williamsburg Local School Dist.* (1993), 92 Ohio App.3d 92, 97, 634 N.E.2d 263, 266–267. Here, the frivolous conduct was the failure to prepare the agreed entry,

---

1. CSEA represented in its appellate brief that Ms. Hollon would have received the garnished funds regardless of whether the funds were designated as December 1995 child support or as partial payment of the 1994 judgment.

which caused another hearing to be held and Mr. Hollon's counsel to prepare the entry.

CSEA's garnishment of Mr. Hollon's Society bank account was not frivolous. Mr. Hollon owed a $1,087.50 judgment to Ms. Hollon, and Ms. Hollon may attempt to collect by garnishment proceedings. CSEA knew that Mr. Hollon had an account with Society Bank due to his child support payments, although CSEA had no way of knowing the amount of money in the account or if it was used exclusively for child support payments. We hold that, under these circumstances, attempting to collect an outstanding judgment from a bank account by garnishment is not frivolous conduct. To the extent the trial court found otherwise, we find that the trial court abused its discretion and reverse the judgment.

We find that the January 29 hearing, which was the first hearing and was requested by Mr. Hollon, was held pursuant to CSEA's legitimate garnishment of Mr. Hollon's account. Proceedings after January 29 were caused by CSEA's frivolous behavior.

The trial court awarded Mr. Hollon $350 in attorney fees and $25 for a garnishment fee charged by Society Bank. One of Mr. Hollon's exhibits details his attorney fees and indicates that Mr. Hollon's attorney charged him $125 for the January 29 hearing. Therefore, we deduct $125 from the award of attorney fees. We also find that Mr. Hollon is not entitled to $25 for the garnishment fee imposed on him by Society Bank because the garnishment was not frivolous. Accordingly, we reverse in part the judgment of the trial court and instruct the court on remand to enter judgment for Mr. Hollon in the amount of $225 for attorney fees payable by CSEA. CSEA's fifth assignment of error is sustained in part.

## IV

In its seventh assignment of error, CSEA asserts that it has governmental immunity from costs or attorney fees for frivolous conduct. We disagree. Costs are also regularly imposed on the state, as CSEA will find with this proceeding. CSEA has also provided no authority for the proposition that R.C. 2323.51 does not apply to a county agency. Frivolous conduct by parties and their attorneys drains the court's time and resources and will not be tolerated. CSEA's seventh assignment of error is overruled.

## V

In its eighth assignment of error, CSEA argues that the trial court erred by assessing costs against CSEA. CSEA claims that R.C. 325.27 and 325.31 prohibit

the trial court from charging a county agency with fees. R.C. 325.31 provides that "[n]one of the officers named in section 325.27 of the Revised Code shall collect any fees from the county." The clerk of courts is one of the officials specified in R.C. 325.27. CSEA thus asserts that since it is a county agency, the trial court cannot charge it fees. However, the language of R.C. 325.31 speaks of collection and not assessing or charging. Furthermore, the trial court and not the clerk of courts is imposing costs. Therefore, R.C. 325.31 is not relevant to the trial court's order charging CSEA with costs. CSEA's eighth assignment of error is overruled.

## VI

In summary, we affirm the judgment of the trial court finding CSEA liable for Mr. Hollon's attorney fees and costs. We reverse the trial court's determination of the amount of Mr. Hollon's attorney fees necessitated by CSEA's frivolous conduct. On remand, the trial court should enter judgment in the amount of $225 in favor of Mr. Hollon for his attorney fees payable by CSEA.

*Judgment affirmed in part*
*and reversed in part.*

PETER B. ABELE, P.J., and STEPHENSON, J., concur.