OPINION
Plaintiff-appellant, the Butler County Child Support Enforcement Agency ("CSEA"), appeals from a judgment of the Butler County Court of Common Pleas, Domestic Relations Division, which affirmed a magistrate's decision ordering CSEA to refund an overpayment of processing fees and pay attorney fees to defendant-appellee, Donald Center ("Center"). For the reasons that follow, we affirm.
This action originated following a CSEA audit ordered by the trial court after a hearing conducted on December 19, 1997. At that time, CSEA was escrowing Center's child support payments because of his objections to the trial court's previous finding that he had an arrearage. In an entry filed on December 21, 1997, the trial court ordered that the escrow amount held by CSEA was to be distributed in the following manner:
(1) $1,199.97 to Obligee E. Diane Campbell;
 (2) Remaining funds to be returned to Obligor, after payment of the appropriate poundage, and the CSEA to audit the account to make the determination.
In addition, the magistrate ordered CSEA to terminate Center's wage assignment as soon as it determined that he fully paid his child support obligation.
CSEA completed an audit of Center's account. However, Center disagreed with CSEA's calculations and, on May 18, 1998, Center filed a motion to compel CSEA to reimburse him for excess processing fees and child support payments held by CSEA. Center contended in his motion that CSEA overcharged him $422.30 in processing fees. In addition, he asserted that CSEA wrongfully collected $884 for child support by wage garnishment after the termination of his child support obligation. Center also requested an award of attorney fees and court costs to compensate him for the necessity of bringing the action to recover the funds.
The magistrate conducted a hearing on August 31, 1998. At the hearing, CSEA introduced audit worksheets and Center's payment history. CSEA maintained that the records demonstrated that Center owed CSEA $4.89 in unpaid processing charges.
The magistrate noted that there was conflicting evidence in the records presented by CSEA. CSEA's computerized payment history of Center's account conflicted with the handwritten numbers on the CSEA audit worksheets. This resulted in the audit reflecting payment of an annual obligation of $5,280, while the payment history recorded a total of $5,304.
The magistrate was also troubled by the manner in which CSEA applied Center's payments to his existing obligation. CSEA testified that its policy was to apply payments in the following order: 1) current week/month; 2) current week/month processing fees; 3) support arrearage; 4) processing fee arrearage. The CSEA audit only reflected annual payments totaling $5,280. The CSEA audit credits Center with paying his annual obligation of $5,200 calculated at a rate of $100 weekly times fifty-two weeks. However, in contradiction to its stated policy, the CSEA audit applies the remaining $80 to the support arrearage Center owed to his former spouse and to an arrearage of processing fees.
After highlighting the inconsistencies in the evidence presented by CSEA, the magistrate noted that CSEA's payment history for Center reflects annual payment totals that were sufficient to cover both the current child support obligation and the current processing fees. After carefully reviewing the records submitted by CSEA, the magistrate concluded that CSEA still holds approximately $1,768 in escrow from prior payments, in addition to $884 collected prior to the termination of Center's wage assignment, a total of $2,652. The parties agree that Center's former spouse is entitled to an arrearage payment of $1,199.57, leaving a remainder of $1,452.43. The magistrate calculated that Center also owed CSEA an arrearage of $748.98 for processing fees. Therefore, the magistrate concluded that CSEA owed Center a total of $703.45. Since CSEA already sent Center a refund for $596.43, the magistrate ordered CSEA to refund the balance of $107.02 to Center. In addition, the magistrate awarded Center $400 in attorney fees and $50 in costs.
On October 2, 1998 CSEA filed objections to the magistrate's decision. On November 18, 1998, the trial court affirmed the magistrate's decision and overruled appellant's objections. CSEA appeals, raising two assignments of error.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED IN AFFIRMING A MAGISTRATE'S DECISION WHICH WAS BASED ON A MATHEMATICAL ERROR MADE BY THE MAGISTRATE. THIS DECISION EFFECTIVELY ELIMINATED THE PROCESSING FEE THAT THE CHILD SUPPORT ENFORCEMENT AGENCY IS REQUIRED TO CHARGE PURSAUNT TO R.C. 2301.35(H)(1) [sic].
In its first assignment of error, CSEA argues that the magistrate's calculations were based on incorrect interpretations of the evidence and testimony provided to the court by both CSEA and Center. It also appears that CSEA contends that Center owes CSEA a total of $4.89 in unpaid processing fees.
An appellate court will not disturb a trial court's decision concerning child support absent an abuse of discretion. Booth v.Booth (1989), 44 Ohio St.3d 142, 144. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219. The abuse of discretion standard is based upon the principle that a trial court must have the discretion in domestic relations matters to do what is equitable based upon the facts and circumstances of each case. Booth, 44 Ohio St.3d at 144.
In this case, CSEA presented documentary evidence to the magistrate that was inconsistent and contradictory. CSEA challenges the magistrate's result, but does not offer a satisfactory alternative calculation that takes into account the inconsistent documents.[1] The magistrate correctly noted that the CSEA audit worksheets were inconsistent with its records of Center's payment history. Faced with these records, we find that the magistrate's careful reevaluation of Center's payment history and the CSEA audit worksheets was not unreasonable or arbitrary. Accordingly, the trial court properly overruled CSEA's objection and the first assignment of error is overruled.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED IN ASSESSING ATTORNEY FEES AGAINST THE CHILD SUPPORT ENFORCEMENT AGENCY.
In its second assignment of error, CSEA argues that the trial court lacked jurisdiction to assess costs and attorney fees. CSEA also contends that the attorney fees cannot be levied against the CSEA because it is protected by sovereign immunity.
Generally, absent a statutory provision allowing attorney fees, "the prevailing party is not entitled to an award of attorney fees unless that party against whom the fees are taxed was found to have acted in bad faith." State ex rel. Kabatek v.Stackhouse (1983), 6 Ohio St.3d 55, 55-56. An award of attorney fees is also proper where the losing party has acted "vexatiously, wantonly, obdurately, or for oppressive reasons." Sorin v.Warrensville Hts. School Dist. Bd. of Edn. (1976), 46 Ohio St.2d 177,181. Where a trial court has decided to impose sanctions on a party, a reviewing court generally will not disturb that decision absent an abuse of discretion. Toth v. Toth (1994),94 Ohio App.3d 561, 565.
Attorney fees may be properly awarded against a county child enforcement agency under R.C. 2323.51. Hollon v. Hollon (1996),117 Ohio App.3d 344, 348-49. R.C. 2323.51(B)(1) provides that the trial court may award court costs, reasonable attorney fees, and other reasonable expenses incurred in connection with a civil action to a party adversely affected by frivolous conduct. R.C.2323.51(A)(1)(a) defines "conduct" as
 [t]he filing of a civil action, the assertion of a claim, defense, or other position in connection with a civil action, filing a pleading, motion, or other paper in a civil action, including, but not limited to, a motion or paper filed for discovery purposes, or the taking of any other action in connection with a civil action[.]
"Frivolous conduct" includes any of the following:
 (i) It obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation.
 (ii) It is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law.
 (iii) Allegations or other factual contentions have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery;
 (iv) Denials or factual contentions are not warranted by the evidence or, if specifically so identified, are not reasonably based on a lack of information or belief.
R.C. 2323.51(A)(2)(a).
To award attorney fees under R.C. 2323.51, the trial court must hold a hearing to determine whether the conduct was frivolous, whether any party was adversely affected by the frivolous conduct and the amount of the award, if the award is to be made. R.C. 2323.51(B).
In Hollon, the court found, as a matter of law, that the imposition of attorney fees against CSEA was authorized under R.C.2323.51, even though neither the trial court nor the obligor specifically relied upon the statute. Hollon,117 Ohio App.3d at 348. The court held that the father-obligor was entitled to recover attorney fees and costs where the CSEA necessitated an additional hearing by attempting to change the terms of an arrearage settlement agreement. Id. at 349. The court noted that such conduct was frivolous and harassing, as well as detrimental to the goal of collecting child support on behalf of the obligee.Id.
Similarly, in this case, CSEA is obdurately pursuing harassing and frivolous litigation against Center. CSEA is not trying to collect unpaid child support of behalf of an obligee, but CSEA is defending its alleged right to keep Center's excess payments as processing fees on the basis of inconsistent and unreliable evidence. CSEA is requiring Center, who has paid enough funds to fulfill his support obligation, to endure additional hearings, and this appeal, in order to collect funds rightfully due to him.
We recognize that R.C. 2301.35(G)(1) requires the imposition of a "processing charge that is the greater of two percent of the support payment to be collected under a support order or one dollar per month on the obligor under the support order." The purpose of this administrative fee is to "compensate officials for the risk of handling and disbursing money." Granzow v. Bureau ofSupport (1990), 54 Ohio St.3d 35, 38. However, this is not a case of a father's failure to fulfill his legal obligation to pay support for his child or the failure to pay required support payment processing fees. Rather, this is a case of an overzealous agency obdurately and unjustifiably trying to collect excess processing fees. See, also, Eisentrout v. Eisentrout (Jan. 30, 1995), Clermont App. No. CA94-07-050, unreported.
Therefore, we conclude that CSEA's conduct is frivolous under R.C. 2323.51(A)(2)(a)(iii) and (iv). CSEA frivolously defended its right to keep excess processing fees with handwritten audits that were inconsistent with its own records of Center's payment history. Having satisfied his child support obligations, Center should not have to bear the costs of additional hearings and attorney fees to recover excess processing fees wrongfully held by CSEA. At the hearing, Center testified that his costs and attorney fees totaled $450. We find no abuse of discretion by awarding costs and fees to Center. Accordingly, CSEA's second assignment of error is overruled.
Judgment affirmed.
YOUNG and WALSH, JJ., concur.
[1] Interestingly, CSEA appears to argue that Center owes $4.89, but does not challenge the refund of $596.43 to Center.