OPINION
This is an appeal from the Geauga County Court of Common Pleas, Domestic Relations Division. Appellant/cross-appellee, Richard E. Snyder, appeals from the judgment entry adjudging him guilty of contempt.
Appellant and appellee/cross-appellant, Diane C. Snyder, were married on April 9, 1983, and one child was born as issue of the marriage.[1]
In July 1997, appellant filed for divorce, and appellee counterclaimed. On July 23, 1997, a restraining order was issued which restricted both parties from removing, selling, giving, or disposing of their separate or personal property. An agreed judgment entry was issued on May 1, 1998, which, in part, restrained appellant from entering the premises occupied by appellee and from threatening, abusing, annoying, harassing, or having contact with her.
The parties were divorced on April 29, 1999. The divorce decree stated that "[e]xcept as otherwise required by this order, all temporary restraining orders are dismissed." Appellee filed a timely notice of appeal from the trial court's entry of the divorce decree, and appellant submitted a notice of cross-appeal. Meanwhile, on May 28, 1999, appellee filed a motion to stay the original decree proceedings pending appeal. See Snyder v. Snyder (Dec. 22, 2000), Geauga App. No. 99-G-2230, unreported, 2000 WL 1876614 ("Snyder I"). On June 3, 1999, the trial court granted the stay pending the appeal in Snyder I.
On July 20, 1999, appellant filed a motion in the trial court to require the posting of a supersedeas bond and to obtain an order in aid of execution of the trial court's April 29, 1999 judgment awarding him two oriental rugs. On August 3, 1999, the trial court denied that motion. Thereafter, on September 29, 1999, appellant filed a "Motion to Require the Posting of a Supersedeas Bond, or to vacate the Stay Granted by the Trial Court" with this court. We overruled that motion on December 9, 1999.
Subsequently, on May 24, 2000, appellee filed a motion to show cause and for attorney's fees alleging that appellant entered the marital home on May 5, 2000, and removed property, which constituted a contempt of court of both the July 23, 1997 restraining order and the May 1, 1998 agreed judgment entry.
A hearing on appellee's motion to show cause and for attorney's fees was held on July 24, 2000, before a magistrate. At the hearing, there was evidence presented that appellant entered the marital home on May 5, 2000, and removed certain personal property, which included two oriental rugs that were awarded to him in the April 29, 1999 divorce decree. He left a list taped to the door of the items he removed from the premises.
In a decision dated August 11, 2000, the magistrate concluded that appellant was guilty of contempt and that he be sentenced to ten days in the Geauga Safety Center. The ten days would be suspended if appellant purged himself of the contempt "by immediately placing the oriental rugs and the other property removed from the marital home in a storage facility at his expense pending final disposition of this case." In addition, the magistrate determined that appellant was not entitled to attorney's fees, but appellee was allowed attorney's fees in the amount of $700. On August 25, 2000, appellant filed objections to the magistrate's decision. The trial court adopted the magistrate's decision on September 5, 2000. The trial court then entered a nunc pro tunc entry on September 20, 2000.[2] In both entries, the trial court determined, in part, that "[t]he stay of execution of the decree suspends operation of the decree and returns the parties to prior orders." Appellant filed the instant appeal and now raises the following assignment of errors for our review:
 "[1.] The trial court erred in holding that a stay of execution suspends the operation of the stayed decree, and returns the parties to prior orders.
 "[2.] The trial court erred in holding [appellant] in contempt of court for violating temporary restraining orders that had been terminated by the trial court in its judgment entry of divorce."
 On September 12, 2000, appellant filed a motion for stay pending appeal, which we denied on October 13, 2000. Thereafter, in this case, Snyder II, appellee filed a notice of cross-appeal from the September 20, 2000 nunc pro tunc entry and now assigns a single assignment of error:
 "The trial court erred and abused its discretion when it arbitrarily reduced the attorney['s] fees awarded to [appellee] for prosecuting the motion to show cause, where said fees were stipulated as being reasonable and necessary."
 In his first assignment of error, appellant argues that a stay of execution suspends the operation of a decree by leaving it intact, but a stay does not vacate the decree from which an appeal has been made.
In In re Annexation of the Territory of Riveredge Twp. to FairviewPark (1988), 46 Ohio App.3d 29, 31 the Eighth Appellate District stated that a stay "suspends the force and effect of both the trial court's judgment and any underlying previous order issued in the same case by an inferior tribunal." Here, the operation of the April 29, 1999 divorce decree was suspended as a result of the June 3, 1999 stay. However, this issue was moot as of December 22, 2000, when our court issued its opinion in Snyder, since the stay was lifted as of that date. In Snyder I, this court ruled on several issues. The pronouncement pertinent to this appeal was that in Snyder I, we decided that the two oriental rugs were appellant's separate property.
In his second assignment of error, appellant claims that the trial court erred in holding him in contempt of court for violating temporary restraining orders that had been terminated by the trial court in its judgment entry of divorce. However, as stated in the first assignment of error, a stay suspends the effect of both a trial court's judgment and any previous order issued in the same case. Id.
Here, the April 29, 1999 judgment of the trial court was stayed on June 3, 1999, pending the outcome of the appeal in Snyder I. The stay was in effect until the decision in Snyder I was released on December 22, 2000. The stay suspended the effect of the trial court's divorce decree dated April 29, 1999, which stated, in part, that all temporary restraining orders were dismissed. Therefore, as of May 5, 2000, when appellant entered appellee's residence and removed certain items of personal property, he violated the temporary restraining orders of July 23, 1997, and May 1, 1998, which were still in effect since the stay was not lifted until December 22, 2000, when Snyder I was released.
Due to the nature of contempt proceedings, a trial court has broad discretion in these matters. Burke v. Burke (May 14, 1999), Geauga App. No. 98-G-2163, unreported, 1999 WL 315399, at 2. Therefore, a trial court's finding of contempt will not be disturbed absent an abuse of discretion. Id.
In the case at bar, the trial court found, and appellant did not deny, that he violated the court's orders restraining him from entering the marital home before the decision in Snyder I was issued. Therefore, since appellant entered the marital residence on May 5, 2000, and violated the trial court's orders, we conclude the trial court did not err in finding him guilty of contempt. Appellant's second assignment of error is without merit.
Appellee, in her cross-appeal, alleges that the trial court erred and abused its discretion when it reduced the attorney's fees awarded to her for prosecuting the motion to show cause, where said fees were stipulated as being reasonable and necessary.
The decision to award attorney's fees and the amount of the award are within the discretion of the trial court. Snyder v. Snyder (1985),27 Ohio App.3d 1, 4. Further, a trial court's decision regarding the appropriate level of attorney's fees will not be reversed on appeal unless the trial court abused its discretion. Hollon v. Hollon (1996),117 Ohio App.3d 344, 349. In Hansen v. Hansen (Dec. 11, 1992), Lake App. No. 92-L-052, unreported, 1992 WL 366885, at 2, this court held that as long as the appellate court is able to determine the rationale underlying the award of fees, and the record supports the same, no abuse of discretion will be found. See, also, Kelly-Doley v. Doley (Mar. 12, 1999), Lake App. No. 96-L-217, unreported, 1999 WL 262165, at 6.
Here, appellee claims that she incurred attorney's fees in the amount of $1,678.50. In its judgment entry, the trial court stated that appellee's legal fees were "based on an hourly rate times services rendered." The trial court explained that it "reviewed factors as guides in determining a reasonableness and appropriateness of an award of attorney's fees as set forth in D.R.2-106(B). The Court [found] reasonable fees [were] $700." Therefore, since the trial court adequately explained its reasoning for reducing the attorney's fees, we cannot conclude that the trial court abused its discretion in the amount of attorney's fees it determined was reasonable to award to appellee.
For the foregoing reasons, appellant's assignments of error on appeal, and appellee's assignment of error on cross-appeal are not well-taken. The judgment of the Geauga County Court of Common Pleas, Domestic Relations Division, is affirmed.
PRESIDING JUDGE DONALD R. FORD, CHRISTLEY, J., GRENDELL, J., concur.
[1] For the sake of clarity, we will refer to the parties as "appellant" and "appellee" even in the context of the cross-appeal.
[2] We note that this court issued a judgment entry stating that since appellant had the ability to purge himself of the trial court's finding of contempt, this court may not have had jurisdiction to consider the appeal. Appellant submitted a memorandum in support of jurisdiction indicating that since he had been ordered to pay $700 in attorney's fees, which were due irrespective of a subsequent purge, the fees were sanctions imposed as a result of the finding of contempt. Therefore, in a judgment entry dated October 30, 2000, we ruled that pursuant to thenunc pro tunc entry, the jurisdictional concerns had been resolved, and the appeal would be considered premature as of September 20, 2000.