DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant/Appellant Dwayne Dawson appeals from a judgment by the Pickaway County Court of Common Pleas convicting him of assault on a peace officer, in violation of R.C. 2903.13, a fourth degree felony. The Appellant contends that the trial court erred in finding him guilty of this offense because the deputy sheriff that he assaulted was not in the performance of his official duties, as required by R.C. 2903.13(C)(3). Because the evidence shows that the deputy sheriff was in the performance of his official duties at the time of the assault, we disagree with Appellant's contention. Accordingly, we affirm the trial court's decision.
 {¶ 2} The parties stipulated to the following facts for purposes of the bench trial conducted on January 5, 2004:
 {¶ 3} "On November 21, 2002, Deputy Charles L. Brown was employed as a deputy sheriff for the Sheriff of Franklin County, Ohio and was working the second shift on that date. At approximately 9:50 PM on that date, Deputy Brown, while on patrol in Franklin County in uniform and in a marked sheriff's cruiser, was dispatched to a location in Franklin County, Ohio along State Route 104, just south of State Route 665 on a report of a vehicle in a the (sic) ditch and a possible drunk driver. A call had apparently been made to the Franklin County Sheriff's Office by a passing motorist by cellular phone and Deputy Brown was dispatched to the scene.
 {¶ 4} Deputy Brown checked State Route 104 south from Route 665 to the Franklin/Pickaway County line and found nothing. Deputy Brown reported this to his dispatcher and further advised that he would continue checking south along State Route 104 and to notify the Pickaway County Sheriff's Department to start heading his way on State Route 104 and that he would check out just south of the county line. At the intersection of State Route 104 and Durrett Road in Pickaway County, slightly less than one mile south of the Franklin County line, Deputy Brown stopped to see if his assistance was needed. He then turned on his cruiser light bar, identified himself as a deputy sheriff and told Mr. Dawson to come over to the cruiser.
 {¶ 5} Mr. Dawson stated to the deputy, `No, I wasn't driving' and began walking away from the deputy on the east side of State Route 104. Deputy Brown instructed Mr. Dawson again to stop and come over to the cruiser. The defendant and deputy came into contact with one another and at that time the deputy was struck by Mr. Dawson and for purposes of this stipulation, a misdemeanor assault on the deputy occurred, with all elements under the misdemeanor assault statute being satisfied. During the altercation, Mr. Dawson was struck by a passing motorist who left the scene. The motorist who struck Mr. Dawson was never located.
 {¶ 6} Deputy Brown's patrol area is in a section of Franklin County, Ohio, which adjoins Pickaway and Madison Counties. There is apparently no written agreement or policy between the respective sheriff's departments for these counties as to when and how an adjoining deputy may enter and assist the other counties, although deputies do from time to time, in attempting to perform their official duties, cross the line into an adjoining county while working the area of their county to assist or aid motorists or other county deputies. In this case, there was no request for assistance by the Pickaway County Sheriff's Department made to Franklin County and Deputy Brown made the decision to enter Pickaway County on his own initiative. There was no issue of `hot pursuit' regarding Mr. Dawson's vehicle."
 {¶ 7} On January 5, 2004, the trial court found Appellant guilty of assault on a peace officer. On March 9, 2004, the court sentenced Appellant to a nine month prison term. From this sentence, Appellant timely appeals and assigns the following error:
 {¶ 8} I. "The trial court erred in finding that the franklin county deputy who arrested the defendant was in the performance of his official duties for purpose of finding the defendant guilty of assault on a peace officer."
 {¶ 9} This case turns on a question of law as it involves statutory application, as well as interpretation and application of case law. Further, this case is presently before us on a stipulation of facts, set forth supra. Stipulations to establish certain facts in a case have long been accepted by Ohio courts. See Ish v. Crane (1862), 13 Ohio St. 574. The precise effect of a stipulation as to particular facts is largely dependent upon the language of the stipulation itself. See 89 O. Jur.3d (1989) 105-06, Trial, Section 70. Generally, if the parties have agreed upon facts by which they wish to be bound, the court need not inquire about the evidence that may exist to prove those facts. Cunningham v.J.A. Myers, Co. (1964), 176 Ohio St. 410, 200 N.E.2d 305. We note, however, that although courts are ordinarily bound by the stipulations of litigants, courts are not bound in their determination of questions of law. Resolution of questions of law and legal conclusions arising from stipulated facts fall upon the court. See 73 Am.Jur.2d (1974) 539, Stipulations, Section 5. Appellate courts apply a de novo standard of review to questions of law. See, e.g. Hollon v. Hollon (1996),117 Ohio App.3d 344, 348, 690 N.E.2d 893; Campbell v. Colley (1996),113 Ohio App.3d 14, 18, 680 N.E.2d 201; Ford v. Tandy Transp., Inc.
(1993), 86 Ohio App.3d 364, 375, 620 N.E.2d 996; Hurst v. Baker
(Apr. 18, 1997), Gallia App. No. 96CA07, 1997 WL 215767.
 {¶ 10} In his assignment of error, Appellant asserts that the trial court erred in its finding that the arresting officer was in the performance of his official duties for purposes of finding him guilty of assault on a peace officer, because the officer was outside of his jurisdiction at the time of the assault and not in the performance of his official duties. Appellant contends that he is guilty of misdemeanor, not fourth degree felony, assault.
 {¶ 11} R.C. 2903.13 sets forth the essential elements of assault:
"(A) No person shall knowingly cause or attempt to cause physical harm to another or to another's unborn.
(B) No person shall recklessly cause serious physical harm to another or to another's unborn.
(C) Whoever violates this section is guilty of assault. Except as otherwise provided in division (C)(1), (2), (3), (4) or (5) of this section, assault is a misdemeanor of the first degree."
 {¶ 12} The statute indicates that assault is a fourth degree felony "[i]f the victim of the offense is a peace officer, a firefighter, or a person performing emergency medical service, while in the performance of their official duties." Id.
 {¶ 13} In State v. Duvall, the court interpreted the phrase `in the performance of their official duties' contained in R.C. 2903.13(C)(3). (June 6, 1997), Portage App. No. 95-P-0140, 1997 WL 360695. The Duvall
court stated that: "[i]f the peace officer was engaging in a duty imposed upon him by statute, rule, regulation, ordinance or usage, regardless of his duty status, that officer is `in the performance of [his] official duties' for purposes of R.C. 2903.13(C)(3). * * * Conversely, if the peace officer is not engaged in a duty imposed upon him by one of these sources, he is not `in the performance of [his] official duties' for purposes of 2903.13(C)(3)." Id. The court concluded that "[t]his general precept is limited to activities occurring within the peace officer's territorial jurisdiction, R.C. 2935.03 and 4506.23, and, in certain circumstances, while the peace officer is in uniform." Id. The court determined, however, that the essential question is "whether the officer is engaged in a duty imposed upon him by law." Id. We agree that the pertinent inquiry is examining the deputy's activities at the time in question, not necessarily whether he was performing them within his territorial jurisdiction.
 {¶ 14} Appellant cites R.C. 4506.23 (Powers of peace officers) and R.C. 2935.03 (Arrest and detention until warrant can be obtained), in determining whether the officer was in the performance of his official duties. R.C. 4506.23 provides, in pertinent part, that: "[w]ithin the jurisdictional limits of his appointing authority, any peace officer shall stop and detain any person found violating section 4506.15 of the Revised Code, without obtaining a warrant. * * * As used in this section, `jurisdictional limits' means the limits within which a peace officer may arrest and detain without a warrant under section 2935.03 of the Revised Code."
R.C. 2935.03 provides in (A)(1) that: "[a] sheriff, deputy sheriff, * * * shall arrest and detain, until a warrant can be obtained a person found violating, within the limits of the political subdivision * * * in which the peace officer is appointed, employed or elected, a law of this state, an ordinance of a municipal corporation, or a resolution of a township." Although these statutes may be pertinent in deciding whether the deputy had authority to stop, detain and arrest appellant, they do not govern our analysis to determine whether he was in the performance of his official duties.
 {¶ 15} Here, the deputy was engaged in a duty imposed upon him by law by investigating a report of a drunk driver and disabled vehicle. SeeState v. Vanderhoff (1995), 106 Ohio App.3d 21, 24, 665 N.E.2d 235
(stating that "an officer is obligated to render assistance to disabled vehicles or stranded motorists"). Although the inquiry in Duvall,
discussed supra, is similar to the one presently at issue, the facts are in direct opposition to the facts at hand. The Duvall court was presented with a scenario involving an assault of an off-duty peace officer, within his jurisdiction. The scenario sub judice involves an assault of an on-duty peace officer, investigating an extraterritorial vehicle accident and possible drunk driver. While we agree with the Duvall court that the essential inquiry is whether the peace officer is engaged in a duty imposed upon him by law, we disagree with the reasoning that limits official duties to acts occurring within one's territorial jurisdiction. Such reasoning could result in an off-duty peace officer in a bar or other establishment, not in uniform, but within his jurisdiction, being afforded protection under the statute while denying protection under the statute in the scenario sub judice.
 {¶ 16} Simply because the deputy was not within his jurisdiction does not mean that he was not engaged in a duty imposed upon him by law. For example, in State v. Pelsue, the court held that the officer had a duty to assist a motorist even though the vehicle was located approximately one-eighth to one-quarter of a mile outside of his jurisdiction. (May 23, 1997), Portage App. No. 95-P-0149, 1997 WL 286174. In Pelsue, the court noted that a police officer is "obligated to render assistance to a disabled vehicle or stranded motorist." (citing State v. Vanderhoff
(1995), 106 Ohio App.3d 21, 24, 665 N.E.2d 235. See, also State v.Henderson (Mar. 14, 1997), Lake App. No 96 — L-099, 1997 WL 158101, (holding a police officer has a duty to render assistance to disabled vehicles or stranded motorists). The Pelsue court emphasized that "[t]his `duty' should have no less strength merely because the seemingly disabled vehicle was slightly outside his jurisdiction. This act of concern should be encouraged, not punished." See Pelsue.
 {¶ 17} Here, the deputy had been dispatched to the scene of a vehicle in a ditch and a possible drunk driver. When the deputy realized that he would have to cross his jurisdictional line to pursue his investigation, he notified his dispatcher and requested they contact the Pickaway County Sheriff's Department to send a cruiser his direction along State Route 104. As stipulated in the agreed statement of facts, upon locating the vehicle in the ditch, "Deputy Brown stopped to see if his assistance was needed." He was in uniform, was on the clock, was driving a marked cruiser and identified himself as a deputy sheriff before being assaulted.
 {¶ 18} In light of the foregoing, we conclude that the deputy, although outside of his jurisdiction, appropriately responded to a report of a vehicle in a ditch and a possible drunk driver. This activity falls within the deputy's duty to render assistance to a disabled vehicle or stranded motorist, which has been widely recognized in Ohio courts. As he performed a recognized duty, he was in the "performance of [his] official duties" as contemplated by R.C. 2903.13(C)(3). This Court finds he should be afforded the status of a peace officer in the performance of his official duties at the time of the assault. Accordingly, we overrule Appellant's assignment of error and affirm the trial court's decision.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and costs assessed to the Appellant.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Abele, P.J.: Concurs in Judgment Only Kline, J.: Dissents