CRAWFORD et al., Appellants,

v.

RIBBON TECHNOLOGY CORPORATION et al., Appellees.

[Cite as *Crawford v. Ribbon Tech. Corp.* (2001), 143 Ohio App.3d 510.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 00AP–488.

Decided Jan. 11, 2001.

---

*Buckley, King & Bluso* and *James E. Melle,* for appellants.

*Arter & Hadden, L.L.P., Michael P. Mahoney* and *Shane M. Dawson,* for appellee Ribbon Technology Corporation.

GEORGE, Judge.

Peter Harwood and Buckley, King & Bluso, appellants ("Harwood"), appeal from a judgment of the Franklin County Court of Common Pleas, which adopted the magistrate's decision awarding defendant-appellee, Ribbon Technology Corporation ("Ribtec"), expenses and attorney fees, as a result of frivolous conduct by Harwood.

The facts underlying the sanctions against Harwood are as follows. Harwood represented Richard A. Crawford, plaintiff, in a suit against defendants, alleging that Ribtec breached employment and deferred compensation agreements. After mandatory arbitration, two awards were issued in 1997. Crawford filed a complaint to enforce both awards and alleged that Ribtec interfered with a business relationship. On May 12, 1999, the common pleas court confirmed and enforced the first arbitration award and granted Ribtec's motion for summary judgment on the second arbitration award. Crawford appealed and is awaiting decision.

Subsequently, on June 16, 1999, Ribtec filed a motion for sanctions against Crawford and his counsel, Harwood, alleging several instances of sanctionable conduct. The matter was referred to a magistrate and scheduled for hearing on August 31, 1999. On December 23, 1999, the magistrate's order did not include a finding that Crawford's conduct was frivolous and he is, therefore, not part of this appeal. The magistrate, however, did find that Harwood intentionally misrepresented Crawford's availability for a noticed deposition. Crawford's deposition was scheduled for December 29, 1998. In a letter dated December 21, Harwood represented that Crawford would be taking a cruise and thus would be unavailable December 29. Crawford testified that he was indeed available on December 29. The magistrate concluded that Ribtec incurred expenses as a result of the misrepresentation; "[h]owever, with respect to Plaintiff's [Crawford] deposition, Defendant[s] [Ribtec] did demonstrate that Plaintiff's conduct was frivolous and should receive the amount of the expenses incurred in having to reschedule the deposition due to Plaintiff's counsel's [Harwood] misrepresentation." (Mag. Dec. at 10.)

The magistrate issued a supplemental decision February 7, 2000, awarding Ribtec $1,000 in expenses for having to reschedule the deposition and $3,230 in attorney fees. Harwood filed objections to the magistrate's supplemental decision. The trial court overruled Harwood's objections and adopted the magistrate's decision March 8, 2000.

Harwood appeals, assigning the following errors:

"I. The common pleas court erred in overruling appellant's objections to the supplemental magistrate's decision because the *ex parte* conversation between

counsel and the magistrate tainted the supplemental magistrate's decision thus making it void and unconstitutional as a matter of law.

"II. The common pleas court erred as a matter of law in overruling appellant's objections to the supplemental magistrate's decision because: (1) it and the magistrate failed to apply the reasonableness standards of R.C. § 2323.51 and failed to determine whether the full amount of expenses and attorney's fees awarded were necessitated by the frivolous conduct as required by R.C. § 2323.51 and (2) abused its discretion by approving an award of $1,000 in expenses as a punishment and $3,230 in attorney's fees for prosecuting an essentially unsuccessful sanctions motion.

"III. The common pleas court erred as a matter of law and abused its discretion in failing to void the supplemental magistrate's decision because: (1) appellees failure to file written objections to the magistrate's order precluded them from subsequently asking the magistrate for *ex parte* relief; (2) the *ex parte* proceeding deprived appellants of their opportunity to file a rebuttal or be heard; and (3) appellees' failure to request findings of fact and conclusions of law barred the magistrate from issuing the supplemental magistrate's decision containing new findings of fact and conclusions of law regarding the expenses and attorney's fees."

Harwood's first and third assignments of error are interrelated, thus we address them jointly. Together, they assert that following an *ex parte* communication between Ribtec's counsel and the magistrate, the magistrate issued a supplemental decision awarding attorney fees, when in the original order, the magistrate awarded only expenses. Harwood maintains that the magistrate was without authority to supplement the decision and, therefore, the supplemental decision is voidable.

Initially, the court notes that a transcript was not filed. Neither party filed objections to the magistrate's initial order. To the extent that Harwood's argument involves an *ex parte* conversation, we find the argument unpersuasive. Harwood was given notice of the conversation, albeit, after the fact. Most important, however, Harwood filed objections to the supplemental decision. Therefore, Harwood was afforded notice and the opportunity to respond and thus was not prejudiced. The remaining question then is whether the magistrate had authority to supplement her original order to include an award of attorney fees.

A trial court's decision to impose sanctions will generally not be reversed absent an abuse of discretion. *Hollon v. Hollon* (1996), 117 Ohio App.3d 344, 348, 690 N.E.2d 893, 895–896, citing *Toth v. Toth* (1994), 94 Ohio App.3d 561, 565, 641 N.E.2d 254, 256–257. An abuse of discretion connotes a decision that is

unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482–483, 450 N.E.2d 1140, 1141–1142.

Pursuant to R.C. 2323.51, a trial court may award court costs, reasonable attorney fees, and other reasonable expenses incurred due to the frivolous conduct; however, "the trial court must hold a hearing to determine (1) whether the particular conduct was frivolous, (2) if the conduct was frivolous, whether any party was adversely affected by it, and (3) if an award is made, the amount of the award." *Hollon, supra,* at 348, 690 N.E.2d at 895–896. An award of reasonable attorney fees may be made against a party, his counsel of record, or both. R.C. 2323.51(B)(4). An award for fees under R.C. 2323.51 may include attorney fees incurred in prosecuting a motion for sanctions. *Ron Scheiderer & Assoc. v. London* (1998), 81 Ohio St.3d 94, 96, 689 N.E.2d 552, 553.

The magistrate concluded that Harwood's misrepresentation as to Crawford's availability for deposition was sanctionable conduct. Harwood has not disputed this finding. He disputes only the amount of the award. Consequently, the magistrate found that Ribtec was entitled to receive the amount of expenses incurred in having to reschedule the deposition.

Once concluding that Harwood was to be sanctioned, the trial court was also required to determine the amount to be awarded to Ribtec. *Hollon, supra.* R.C. 2323.51 permits the court to award reasonable attorney fees upon determining that one has engaged in sanctionable conduct. Thus, despite the award of attorney fees in the supplemental decision where the original order did not award attorney fees, the magistrate was within her statutory authority in the supplemental award. Thus, the decision is not voidable.

Moreover, Harwood's argument that a trial court lacks authority under Civ.R. 60(A) to make substantive changes in final judgments is unpersuasive here because a magistrate's decision is not a judgment and it is not effective until adopted by the court. See *Ivywood Apts. v. Bennett* (1976), 51 Ohio App.2d 209, 213, 5 O.O.3d 351, 353, 367 N.E.2d 1205, 1207–1208; *Lehman v. Laick* (Mar. 31, 1997), Summit App. No. 18406, unreported, 1997 WL 164307. Thus, the magistrate could properly correct any error before the trial court adopted the decision. *Harbeitner v. Harbeitner* (1994), 94 Ohio App.3d 485, 490, 641 N.E.2d 206, 209.

Harwood, nonetheless, relies on *State ex rel. Lesher v. Kainrad* (1981), 65 Ohio St.2d 68, 19 O.O.3d 261, 417 N.E.2d 1382, for the assertion that noncompliance with Civ.R. 53 renders all subsequent orders arising therefrom voidable. Harwood argues that Ribtec's remedy was to file objections to the magistrate's initial order, and failure to do so in a timely fashion renders the supplemental decision void. *Lesher,* however, is factually distinguishable. In *Lesher,* the magistrate failed to file a report and the court held that the failure rendered the judgment

voidable. However, the court in *Lesher* found appellant's failure to avail himself of the remedy provided in a timely fashion acted as an estoppel. Here, the magistrate followed the mandates of the rule so that the decision is not voidable. Further, Harwood cannot demonstrate prejudice in this instance, since he filed objections to the magistrate's supplemental decision. Accordingly, Harwood's first and third assignments of error are overruled.

Harwood's second assignment of error maintains that the trial court erred when it adopted the magistrate's decision without determining what expenses were incurred as a result of the frivolous conduct and the reasonableness of those expenses. R.C. 2323.51.

A trial court must rule on objections to a magistrate's decision. The court can adopt, reject, or modify a magistrate's report. Civ.R. 53(E)(4)(b). Objections to factual findings must be accompanied by a transcript. Civ.R. 53(E)(3)(b). As noted above, a transcript was not provided.

The trial court's decision as to the appropriate level of attorney fees will not be reversed on appeal absent an abuse of discretion. *Murrell v. Williamsburg Local School Dist.* (1993), 92 Ohio App.3d 92, 97, 634 N.E.2d 263, 266–267.

The magistrate's supplemental decision awarded $1,000 in expenses for having to reschedule the deposition and $3,230 in attorney fees. The magistrate stated that her decision was based "upon consideration of the credible evidence presented at the hearing." Harwood maintains that the amount of the award was unreasonable and was not incurred by the frivolous conduct. While a transcript of the proceeding is not available, Harwood submitted an affidavit that acknowledged that Ribtec provided an exhibit into evidence detailing the "legal services, hourly rates, attorney performing the services, time expended, and dates of such services relating to the matters which were the subject of the Sanctions hearing." (Affidavit of Michael T. Honohan, partner of Buckley, King & Bluso.) The affidavit, however, fails to demonstrate that the award was excessive or unreasonable. While the court acknowledges that the attorney fees must be reasonably incurred due to the frivolous conduct, without the benefit of a transcript, the court has no basis to review that determination.

Harwood further asserts that Ribtec alleged five instances of frivolous conduct and prevailed on only one, thus an award for attorney fees in full amount is in error. Likewise, without the transcript, the court is unable to determine whether Ribtec was entitled to the full amount of attorney fees requested. Accordingly, Harwood's second assignment of error is overruled.

Having overruled Harwood's three assignments of error, the judgment of the trial court is affirmed.

*Judgment affirmed.*

TYACK and BROWN, JJ., concur.

JOYCE J. GEORGE, J., retired, of the Ninth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.