OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Defendant-Appellant, Frank Ciapala, appeals from the decision of the Mahoning County Court of Common Pleas, Juvenile Division, which overruled his objections to a magistrate's denial of his motion for new genetic testing in order to determine paternity and for relief from judgment. The trial court denied his objections because he did not file an evidentiary transcript or Juv.R. 40(E)(3)(b) alternative with his objections. We conclude the trial court's decision was correct since it needed a transcript or Juv.R. 40(E)(3)(b) alternative of the hearing to determine if the magistrate took evidence at the hearing and, if not, why not. In the absence of that transcript, we must presume the regularity of the proceedings. Thus, the trial court's decision is affirmed.
 {¶ 2} A baby was born on October 2, 1985, to Plaintiff-Appellee, Kathleen Milick. Subsequently, Milick filed a paternity action in the Mahoning County Court of Common Pleas, Juvenile Division, alleging Ciapala was the father of the child and requesting child support. In his answer, Ciapala denied he was the father of the child. Ciapala later moved for DNA testing and the trial court granted that request. The record does not contain the results of that test. However, in an April 11, 1990 referee report, Ciapala was found to be the natural father of the child and ordered to pay child support. Ciapala objected to these findings but, after obtaining new counsel, withdrew those objections. The trial court then adopted the referee's report.
 {¶ 3} On January 22, 2001, Milick moved to modify Ciapala's child support obligation due to a substantial change in circumstances. A magistrate rendered his decision on this motion, Ciapala filed objections, and the trial court eventually remanded the matter back to the magistrate. The magistrate subsequently rendered a new decision. Ciapala once again objected to the magistrate's decision, and the trial court overruled those objections.
 {¶ 4} On October 26, 2001, Ciapala filed a motion for new genetic testing and for relief from the judgment establishing his paternity. In that motion, he argued the genetic testing done previously was scientifically flawed and, therefore, unreliable. Milick opposed that motion and a magistrate heard the matter. At that hearing, Milick appeared pro se and Ciapala was represented by counsel. The magistrate denied Ciapala's motion and, after the magistrate made findings of fact and conclusions of law, Ciapala timely objected to the magistrate's decision. He objected to the magistrate's alleged failure to take evidence and argued that his motion established a prima facie case for new genetic testing.
 {¶ 5} The trial court entered a judgment which stated it was adopting the magistrate's decision since no written objections had been filed. Although no document is contained in the record, it appears the fact that Ciapala did file written objections was subsequently brought to the court's attention. A later judgment entry states the trial court held a hearing on Ciapala's objections to the magistrate's decision. In that entry, the trial court overruled those objections. Ciapala timely appealed that judgment.
 {¶ 6} In a March 25, 2002 journal entry, this court found the trial court's order insufficient as it included a ruling on the objections, but failed to adopt the magistrate's opinion or enter an actual judgment. Accordingly, this court held the appeal in abeyance for thirty days so counsel could obtain an amended entry which constituted an appealable order. The trial court filed an amended judgment entry on April 23, 2002. That entry denied Ciapala's objections, adopted the magistrate's decision, and ordered judgment in accordance with the magistrate's decision. In a February 12, 2003 journal entry, we once again found the trial court had failed to enter a final appealable order. The trial court then issued its final order on February 21, 2003.
 {¶ 7} Ciapala asserts the following three assignments of error:
 {¶ 8} "The trial court erred in determining that the Defendant's objections to the decision of the magistrate were not properly before the court and in denying said objections and adopting the decision of the magistrate for that same reason."
 {¶ 9} "The trial court erred in not considering the Defendants [sic] objections to determinations of law."
 {¶ 10} "The magistrate erred by determining the Defendant's motion on the pleadings absent a local rule or order permitting the same."
 {¶ 11} Because Ciapala's third assignment is the most quickly dealt with, we will address that assignment of error first. As the remaining assignments of error deal with the same questions of law and fact and are treated together in Ciapala's brief, we will address them jointly.
 {¶ 12} In his third assignment of error, Ciapala argues the magistrate erred by denying his motion for new genetic testing without a hearing when no local rule or order provided that a motion could be dismissed without a hearing. In support of his contention, he cites Juv.R. 19 which provides that a juvenile court "may make provision by rule or order for the submission and determination of motions without oral hearing upon brief written statements of reasons in support and opposition" in order to expedite its business, unless otherwise provided by statute or rule. However, in this case even if a local rule or order does not state the juvenile court may rule on motions without an oral hearing, the magistrate held an oral hearing on the motion on December 17, 2001. Indeed, when ruling on Ciapala's objections to the magistrate's decision, the trial court held a second hearing where the parties presented testimony. Thus, Ciapala's argument that the trial court's judgment violated Juv.R. 19 is incorrect. His third assignment of error is meritless.
 {¶ 13} Ciapala's remaining two assignments of error deal with trial court's decision dismissing his objections since they were not accompanied by an evidentiary transcript or a Juv.R. 40(E)(3)(b) alternative. Juv.R. 40(E)(3)(b) provides that "[a]ny objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of the evidence if a transcript is not available." The failure to provide such a transcript or affidavit prevents the trial court, and therefore an appellate court, from reviewing the findings of fact. See Smith v. Null
(2001), 143 Ohio App.3d 264, 757 N.E.2d 1200; Crawford v. Ribbon Tech.Corp. (2001), 143 Ohio App.3d 510, 758 N.E.2d 674.
 {¶ 14} In this case, Ciapala's objections were twofold. He first objected to the magistrate's alleged failure to take evidence at a hearing before ruling on the motion. He then objected due to the "prima facie" case for granting the motion he presented in the motion and its attachments. The trial court dismissed his objections because they were not accompanied by an evidentiary transcript or Juv.R. 40(E)(3)(b) alternative. He argues this was error because his objections were based purely on legal, rather than evidentiary, issues and, because no evidence was taken at the hearing, there could not have been an evidentiary transcript to offer the trial court.
 {¶ 15} Ciapala's argument shows that he misunderstands why the trial court needed a transcript or a Juv.R. 40(E)(3)(b) alternative in this case. His objections were not pure questions of law. They were objections to the fact that the hearing before the magistrate was argumentative rather than evidentiary in nature. As the magistrate's decision makes clear, he did hold a hearing on the motion and Ciapala's counsel presented his arguments to the magistrate. The magistrate then based his decision on the motion, the memorandum in support of the motion, the opposing memorandum, and the relevant case law. Thus, the magistrate may not have heard evidence before he denied his motion. However, without more information it is impossible for either the trial court or this court to know what was presented at the hearing and, if no evidence was presented, why this is so. Without the transcript, we cannot determine whether the magistrate erred when it made its decision. For instance, the magistrate could have offered both parties the opportunity to present evidence and the parties could have declined that opportunity. Without this information, it is impossible to judge the propriety of the magistrate's actions. "Where there is an absence of an adequate record of the magistrate's hearing for review, a court of appeals must `presume regularity of the [trial] court's judgment based on the referee's report and recommendations.'" Shannon v. Shannon (1997),122 Ohio App.3d 346, 349, 701 N.E.2d 771, quoting Chaney v. East (1994),97 Ohio App.3d 431, 436, 646 N.E.2d 1138.
 {¶ 16} Because Ciapala's objections were based on the magistrate's failure to take evidence, the trial court needed to have some way of knowing if and why the magistrate failed to do so in order to judge the propriety of the magistrate's actions. It's decision to dismiss Ciapala's objections due his failure to include a transcript or Juv.R. 40(E)(3)(b) alternative was proper.
 {¶ 17} Accordingly, Ciapala's assignments of error are meritless and the decision of the trial court is affirmed.
Judgment affirmed.
Donofrio and Vukovich, JJ., concur.