[Cite as *Cope v. Guehl*, 2011-Ohio-4311.]

STATE OF OHIO, COLUMBIANA COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| SUSAN G. COPE, fka GUEHL | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | CASE NO. 10-CO-26 |
| | ) | OPINION |
| ROBERT GUEHL, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:    Civil Appeal from Court of Common Pleas, Domestic Relations Division of Columbiana County, Ohio Case No. 06DR469

JUDGMENT:    Affirmed

APPEARANCES:
For Plaintiff-Appellee    Attorney John B. Juhasz
7081 West Blvd., Suite 4
Boardman, Ohio 44512

For Defendant-Appellant    Atty. Robert L. Guehl, pro-se
2230 South Patterson Blvd., #11
Dayton, Ohio 45409

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite

Dated: August 23, 2011

DONOFRIO, J.

{¶1} Defendant-appellant, Robert Guehl, appeals from a Columbiana County Common Pleas Court, Domestic Relations Division, decision denying his motion to modify spousal support and granting the motion of plaintiff-appellee, Susan Cope, fka Guehl, for the issuance of a withholding order.

{¶2} The parties were married on June 4, 1987. No children were born as issue of the marriage. The parties were granted a divorce on August 17, 2007. The divorce decree included a spousal support award whereby appellant is to pay appellee $1,000 per month for five years. Appellant filed an appeal from the judgment entry of divorce. This court affirmed the trial court's judgment in all respects except as to a setoff for the down payment on the marital property. *Cope v. Guehl*, 7th Dist. No. 07-CO-35, 2009-Ohio-2891.

{¶3} On January 13, 2010, appellant filed a motion to modify spousal support alleging a change in circumstances resulting in a reduction in his income. Appellee then filed a motion for a withholding order alleging that appellant had been failing to make his monthly spousal support payments.

{¶4} The matter proceeded to a hearing where the court heard testimony from both parties. The testimony revealed that appellant had retired from his salaried position with the Montgomery County Prosecutor's Office and had recently returned to private law practice. The court subsequently denied appellant's motion to modify spousal support and granted appellee's motion for a withholding order. In doing so, the court adopted appellee's proposed findings of fact and conclusions of law.

{¶5} Appellant filed a timely notice of appeal on August 6, 2010.

{¶6} Appellant raises a single assignment of error, which states:

{¶7} "THE TRIAL COURT ERRED BY DENYING DEFENDANT-APPELLANT'S MOTION FOR MODIFICATION OF SPOUSAL SUPPORT BASED UPON CHANGED CIRCUMSTANCES."

{¶8} Generally, appellant argues that the trial court's conclusion that he had a voluntary decrease in income has no evidentiary basis and that the court failed to consider appellee's change in financial circumstances.

{¶9}  Appellant first asserts that not all early or voluntary retirements preclude spousal support modification.  He claims that there was no evidence that he retired in order to reduce his spousal support.  Instead, he claims the evidence demonstrated that he was proactive in pursuing employment for more than a year.  Furthermore, he argues the evidence supports a finding that the parties knew at the time of the divorce that appellant had a commitment to stay in his government position for three years in order to increase his PERS retirement benefits.

{¶10} Second, appellant asserts that the court did not apply the same standard to him as it did to appellee.  He notes that appellee voluntarily retired in 2007 despite having a continuing offer of employment.  He further notes that appellee stated she had no intention of seeking employment.  Yet appellant claims he made an exhaustive effort to seek and retain employment.  Therefore, appellant argues that the trial court treated him differently than appellee by finding that he was voluntarily underemployed.  He asserts that this alleged disparate treatment is a result of unconstitutional gender inequality.

{¶11} Third, appellant contends there is no evidence that his retirement and change in employment was made in an attempt to reduce his support obligation.  Instead, he argues, the evidence demonstrated that he retired and changed jobs because he was dissatisfied with his government position and he made extensive efforts to secure other employment despite the severe economic decline.  He points out that his main job experience was 26 years in private law practice to which he has returned.

{¶12} Finally, appellant takes issue with the fact that the court made no mention of the evidence that appellee's income has increased since the time of the divorce and her expenses have decreased since paying off her mortgage.

{¶13} When reviewing a trial court's decision in domestic relations matters, an appellate court must uphold the decision absent an abuse of discretion.  *Booth v. Booth* (1989), 44 Ohio St .3d 142, 144.  Abuse of discretion constitutes "more than an error of law or judgment; it implies that the court's attitude is unreasonable,

arbitrary or unconscionable." *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219. In other words, an appellate court may not substitute its judgment for that of the trial court unless, considering the totality of the circumstances, the trial court abused its discretion. *Holcomb v. Holcomb* (1989), 44 Ohio St.3d 128, 131. The appellate court should not independently review the weight of the evidence in the majority of cases but rather should be guided by the presumption that the trial court's findings are correct. *Miller v. Miller* (1988), 37 Ohio St.3d 71, 74.

**{¶14}** R.C. 3105.18(E) governs the modification of a spousal support award. "In order for a court to modify an award of spousal support set forth in a divorce decree, it must first have reserved jurisdiction to do so." *Flauto v. Flauto*, 7th Dist. No. 05 MA 100, 2006-Ohio-4909, at ¶11; R.C. 3105.18(E)(1). In this case, the parties do not dispute that the court reserved jurisdiction. (Tr. 21-22).

**{¶15}** Next, the court must find that a change in circumstances for either party has occurred. R.C. 3105.18(E). A change in circumstances includes, among other things, "any increase or involuntary decrease in the party's wages, salary, bonuses, [or] living expenses." R.C. 3105.18(F). "The movant has the burden to establish that a *substantial* change in circumstances has occurred since the time of the trial court's original decision." (Emphasis added.) *Flauto*, 2006-Ohio-4909, at ¶11, citing *Leighner v. Leighner* (1986), 33 Ohio App.3d 214, 215. Additionally, the change must have been one not contemplated at the time of the divorce. *Mandelbaum v. Mandelbaum*, 121 Ohio St.3d 433, 2009-Ohio-1222, at paragraph two of the syllabus. And the substantial change in circumstances must not have been purposely brought about by the moving party. *Kaput v. Kaput*, 8th Dist. No. 94304, 2011-Ohio-10, at ¶15.

**{¶16}** "Finally, the trial court must evaluate the appropriateness and reasonableness of the award." *Flauto*, at ¶11, citing *Barrows v. Barrows*, 9th Dist. No. 21904, 2004-Ohio-4878 at ¶7. See, also, R.C. 3105.18(C)(1).

**{¶17}** The trial court adopted the findings of fact submitted by appellee. In doing so, it found the following.

{¶18} Appellant chose to retire from his position with the Montgomery County Prosecutor's Office where he was earning an annual salary of $72,000 plus benefits. He was aware of his spousal support obligation when he decided to retire. Appellant was not in danger of losing his job or being furloughed. Appellant simply disagreed with how the prosecutor's office was managed. His decision to leave was strictly voluntary.

{¶19} Appellant presented evidence as to his start-up expenses in the private practice of law and that he has so far generated little income. He testified, however, that he has been paying living and office expenses from his accumulated assets. Consequently, appellant has the ability to pay his support obligation.

{¶20} The court also made the following conclusions of law. A voluntary decision to change employment or retire when one has a court-ordered support obligation is not an adequate reason for modification of support and does not demonstrate a substantial change in circumstances. Any decrease in income by appellant was not involuntary and the salary he earned at the prosecutor's office is imputed to him. Furthermore, appellant has sufficient assets to support himself while he changes employment and also to pay his support obligation. Additionally, if a party retires with the intent of defeating his spousal support obligation, the retirement is considered voluntary and the pre-retirement income is attributable to that party. Finally, appellant did not demonstrate a substantial change in circumstances not brought about by himself.

{¶21} The evidence supports the trial court's findings.

{¶22} Appellant testified that he took his position with the prosecutor's office in order to increase his three "high" years in the Public Employees Retirement System. (Tr. 10-11). He stated that he made a three-year commitment to the prosecutor's office. (Tr. 11). During his time at the prosecutor's office, appellant stated that the economy took a downturn and there was a substantial loss of jobs in the Dayton area. (Tr. 11-12). He testified regarding his dissatisfaction with the management of the prosecutor's office (Tr. 12-13) and his decision to start looking for

a new job (Tr. 13). Appellant began looking for a new job as early as December 2008. (Tr. 13). He applied for numerous legal positions throughout 2009. (Tr. 14-17). Appellant retired from the prosecutor's office on January 1, 2010, and continued looking for other employment. (Tr. 17). On May 4, 2010, appellant entered into an office sharing agreement and started practicing law again. (Tr. 18). He stated, however, that he incurred start-up expenses and his income was minimal at the time. (Tr. 18).

{¶23} Appellant stated that his reason for leaving the prosecutor's office was "[t]here was no prospect of a raise or promotion. The county was in the throes of severe budget cuts. I was advised of the prospect of layoffs and furlough days * * *. There were staff cuts and additional chores were put onto the civil section. * * * I had disagreements with management on technology capabilities. * * * They also had inadequate staffing." (Tr. 19-20). He further stated that he "did not feel professionally accepted or fulfilled in the position." (Tr. 20).

{¶24} Despite stating that he could not get a raise, appellant testified on cross examination that during his three years at the prosecutor's office his salary increased from $62,500 to $72,000. (Tr. 27). He further admitted that despite the budget cuts and layoffs, there was nothing about the circumstances at the prosecutor's office that forced him to leave. (Tr. 28, 36). Additionally, appellant stated that he left his prosecutor's office job without having another job lined up. (Tr. 33).

{¶25} Appellant testified that he has over $400,000 in assets which he has been using to fund his expenses and which he will continue to use until his law practice becomes profitable. (Tr. 35).

{¶26} Finally, appellant admitted that he informed appellee's counsel as early as July 2009, that he planned to retire from the prosecutor's office. (Tr. 36). Appellee's counsel then asked appellant:

{¶27} "Q. And back in July of last year [2009] when you advised me of your intent to retire, you also indicated that you would ask the Court for a reduction in your spousal support; didn't you?

**{¶28}** "A. I object. We were in negotiations at the time." (Tr. 36).

**{¶29}** The court overruled appellant's objection.

**{¶30}** Appellee testified that since the divorce, she had paid off the mortgage on her home with assets she received as part of the division of marital property. (Tr. 41). Other than that, appellee stated her expenses had remained the same. (Tr. 41-42). She also stated that her retirement income had gone up slightly from $26,000 in 2007 to $34,000 in 2009. (Tr. 42, 43, 45).

**{¶31}** Appellant claims that his voluntary retirement does not preclude modification of his support order and it was not done in an attempt to reduce his obligation. It is true that a party's retirement is a change which may justify a modification of spousal support. *Koch v. Koch*, 9th Dist. No. 03CA0111, 2004-Ohio-7192, at ¶21. "However, retirement alone does not determine whether an award should be modified." Id. The *Koch* court also held that only, "[i]f the spouse retires with the intent of defeating the spousal award, the retirement is considered 'voluntary underemployment,' and the spouse's pre-retirement income is attributed to him." Id.

**{¶32}** But in this case we are not dealing with a "retirement" from employment as was the case in *Koch*. Instead, we are dealing with a change in jobs. Appellant quit his job with the prosecutor's office, and after an unsuccessful attempt to gain employment elsewhere, he took up the private practice once again.

**{¶33}** The evidence demonstrated here that appellant planned his departure from the prosecutor's office possibly as early as December 2008 and at least as early as July 2009. He even contemplated at this time that once he resigned his position, he would seek a reduction in his spousal support obligation. Appellant testified as to the numerous jobs he applied for and also as to the poor economy over the course of 2009 and into 2010. But while appellant was dissatisfied at his job, he was in no danger of being laid off or furloughed. Furthermore, his annual salary increased by $10,000 during his three years at the prosecutor's office despite his testimony of budget cuts. Thus, while appellant may not have been completely happy at the prosecutor's office, he had a stable, well-paying job in his field during a time when

jobs were difficult to come by. Many people are dissatisfied with their jobs yet they do not leave their employment when they have bills to pay.

**{¶34}** Additionally, appellant was well aware of his $1,000 monthly support obligation when he voluntarily decided to leave his job without first securing other employment. Appellant's support order is only for a five-year term. He completed almost three years of the obligation while he was employed with the prosecutor's office. It was not unreasonable of the court to expect him to stay at that employment for the remaining two years of his obligation if he could not find other comparable employment.

**{¶35}** Appellant also argues that the court failed to consider appellee's increased income and decreased expenses as also constituting a substantial change in circumstances.

**{¶36}** Appellee's expenses have decreased because she paid off the mortgage on her home. However, what appellant fails to note is that appellee paid off the mortgage using assets she received as part of the division of marital property. (Tr. 41). Thus, while her mortgage expense has been eliminated, her share of the marital assets was depleted in order to eliminate this expense.

**{¶37}** Furthermore, appellee's retirement income did increase by approximately $8,000 from 2007 to 2009. However, this correlates with the approximate $10,000 increase in appellant's income while he was at the prosecutor's office from 2007 to 2009. Thus, the increase in each party's salary cancel each other out for purposes of a "substantial change in circumstances" since the increases keep the parties in the same relative financial situation as they were at the time of the divorce.

**{¶38}** Based on the above, we cannot conclude that the trial court abused its discretion in denying appellant's motion to modify spousal support. There is no indication that the court's decision was arbitrary, unreasonable, or unconscionable. The burden was on appellant to prove a substantial change in circumstances that he did not purposely bring about. The court found that appellant did not meet this

burden because his decision to leave the prosecutor's office was voluntary. The evidence supports the court's findings. Accordingly, appellant's sole assignment of error is without merit.

{¶39} For the reasons stated above, the trial court's judgment is hereby affirmed.

Vukovich, J. concurs.

Waite, P.J., concurs.