[Cite as *Pepin-McCaffrey v. McCaffrey*, 2013-Ohio-2952.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| CHANTAL PEPIN-McCAFFREY, | ) | |
| | ) | CASE NO.  12 MA 4 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| STEPHEN EDWARD McCAFFREY, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |


CHARACTER OF PROCEEDINGS:  Civil Appeal from Common Pleas
Court, Domestic Relations Division,
Case No. 08 DR 529.


JUDGMENT:        Affirmed.


APPEARANCES:
For Plaintiff-Appellee:     Attorney James S. Gentile
The Liberty Building
42 N. Phelps Street
Youngstown, OH  44503

For Defendant-Appellant:    Attorney David L. Engler
100 DeBartolo Place
Suite 315
Boardman, OH  44512


JUDGES:
Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Cheryl L. Waite


Dated:  June 27, 2013

DeGenaro, P.J.

{¶1} Defendant-Appellant, Stephen McCaffrey, appeals the December 8, 2011, judgment entry of the Mahoning County Court of Common Pleas, Domestic Relations Division denying his motion to modify spousal and child support. Stephen claims the trial court abused its discretion, first, by not requiring his ex-wife, Chantal Pepin-McCaffrey to prove that he voluntarily reduced his income, and second, by finding that he was voluntarily unemployed and imputing income to him at his pre-retirement level. Stephen also appealed the trial court's April 2, 2012 judgment entry, arguing that the trial court erred in adopting the magistrate's decision of March 13, 2012 finding him in contempt of court for failure to pay child and spousal support.

{¶2} Stephen's arguments are meritless. The trial court did not abuse its discretion in failing to modify or terminate his spousal support obligation, and Stephen bore the burden of proof relative to his motion. Further, it was appropriate for the trial court to impute income to Stephen at his pre-retirement rate based upon the trial court's findings that Stephen's income reduction was voluntary. Finally, the trial court properly denied Stephen's Motion for Reconsideration and concluding it was a nullity because Stephen directed it to a final order. Moreover, we reject Stephen's argument that the trial court should have treated his reconsideration motion as Objections to the Magistrate's Decision of March 13, 2012, as there is no basis in law for doing so. Accordingly, the judgments of the trial court are affirmed.

## Facts and Procedural History

{¶3} Stephen and Chantal married in 1994 and two children were born during the marriage. The marriage was terminated by a Decree of Divorce entered November 27, 2009, which, pertinent to this appeal designated Chantal as the residential parent. Stephen was ordered to pay $1,052.44 per month (including processing fee) in child support and $1000.00 per month in spousal support to Chantal for a term of 60 months or until Chantal cohabitates with an unrelated male or a change of circumstances sufficient to support modification or termination occurs. Stephen was awarded exclusive possession of the residence. Because the parties agreed by written stipulation that the residence would be listed for sale immediately, the decree also provided that upon closing

of the sale of the marital residence, Stephen's spousal support order was to increase to $1,250 per month. The court reserved jurisdiction to modify the amount, but not the term, of spousal support.

{¶4} On April 26, 2011, Stephen filed a 'Motion to Modify Child and Spousal Support Obligation' on the basis that he had retired from General Motors on February 2, 2011, and as such his income had significantly decreased thereby warranting modification. After a hearing, on August 19, 2011, the magistrate issued a decision denying Stephen's motion to modify. The magistrate found Stephen to be voluntarily unemployed pursuant to R.C. 3119.01 and imputed his income at $89,000.00 per year, the amount he made prior to his retirement. Stephen timely filed objections which were heard by the trial court on October 13, 2011, and in a judgment entry dated December 8, 2011, Stephen's objections were overruled and the trial court adopted the magistrate's decision without exception. Stephen appealed to this court on January 6, 2012.

{¶5} Chantal filed an intervening Motion for Contempt on September 14, 2011; Amended Motion in Contempt on January 13, 2012; and Memorandum to Motion for Contempt on March 6, 2012; all alleging non payment of child and spousal support by Stephen. Those matters were heard on January 13, 2012 and March 7, 2012. The magistrate issued a decision on March 13, 2012, finding Stephen in contempt of court for failing to pay child and spousal support. This decision was adopted as a permanent order of the trial court in its April 2, 2012 judgment entry.

{¶6} On May 2, 2012, Stephen sought leave from this court to amend his original appeal to include the April 2, 2012 judgment entry. On May 29, 2012, in the interest of judicial economy this court permitted Stephen to incorporate all assignments of error in a new brief addressing all legal issues in this case.

{¶7} Stephen ultimately asserts that the trial court erred by: 1) imputing income to him in the amount he made prior to his retirement; 2) by abusing its discretion in not requiring Chantal to bear the burden of proving that he voluntarily reduced his income; and 3) by adopting the magistrate's decision of March 13, 2012. Stephen's arguments are made within each assignment of error which overlap and are often times misplaced

causing confusion. Accordingly, our discussion and analysis will separate and reorder the arguments made by Stephen in support of his assignments of error to alleviate this confusion and facilitate clarity of analysis.

### Modification of Spousal Support

{¶8} In his first of three assignments of error Stephen asserts:

{¶9} "The trial court erred in imputing income to Appellant, despite the only evidence being offered by Appellee was the allegation that Appellant was voluntarily unemployed."

{¶10} In his brief, Stephen frames this assignment of error as an abuse of discretion by the trial court in imputing income to him. Within this assignment, Stephen argues that the trial court erred by not terminating or modifying spousal support. The trial court imputed income for purposes of calculating child support, not spousal support. The trial court denied Stephen's motion to terminate or modify spousal support. These are separate propositions which will be discussed below noting the individual analysis that applies for each.

{¶11} In reviewing a trial court's decision in domestic relations matters, an appellate court must uphold the decision absent an abuse of discretion. *Booth v. Booth* (1989), 44 Ohio St.3d 142, 144, 541 N.E.2d 1028 (1989). The term 'abuse of discretion' means an error in judgment involving a decision that is unreasonable based upon the record; that the appellate court merely may have reached a different result is not enough. *See Bergman v. Bergman,* 2d Dist. No. 25378, 2013-Ohio-715, ¶9; *Hall-Davis v. Honeywell, Inc.,* 2d Dist. Nos.2008 CA 1, 2008 CA 2, 2009-Ohio-531, ¶35. "A decision is unreasonable if there is no sound reasoning process that would support that decision. It is not enough that the reviewing court, were it deciding the issue *de novo,* would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result." *AAAA Enterprises, Inc. v. River Place Cmty. Urban Redevelopment Corp.*, 50 Ohio St. 3d 157, 161, 553 N.E.2d 597 (1990). In other words, an appellate court may not substitute its judgment for that of the trial court unless, considering the totality of the circumstances, the trial court abused its

discretion. *Holcomb v. Holcomb*, 44 Ohio St.3d 128, 131, 541 N.E.2d 597 (1989). The appellate court should not independently review the weight of the evidence in the majority of cases but rather should be guided by the presumption that the trial court's findings are correct. *Miller v. Miller*, 37 Ohio St.3d 71, 74, 523 N.E.2d 846 (1988).

**{¶12}** R.C. 3105.18(E) governs the modification of a spousal support award, and two criteria must be met. First, the trial court must have reserved jurisdiction in the divorce decree to do so. *Flauto v. Flauto*, 7th Dist. No. 05 MA 100, 2006-Ohio-4909, at ¶11; R.C. 3105.18(E)(1). Here the trial court reserved jurisdiction to modify the amount, but not the term, of spousal support. Second, the court must find that a change in circumstances for either party has occurred. R.C. 3105.18(E)(1).

**{¶13}** A change in circumstances includes, among other things, "any increase or involuntary decrease in the party's wages, salary, bonuses, [or] living expenses." R.C. 3105.18(F). "The movant has the burden to establish that a *substantial* change in circumstances has occurred since the time of the trial court's original decision." (Emphasis added.) *Flauto,* 2006-Ohio-4909, at ¶11, citing *Leighner v. Leighner*, 33 Ohio App.3d 214, 215, 515 N.E.2d 625 (10th Dist. 1986). Additionally, the change must have been one not contemplated at the time of the divorce. *Mandelbaum v. Mandelbaum,* 121 Ohio St.3d 433, 2009-Ohio-1222, 905 N.E.2d 172, paragraph two of the syllabus. And the substantial change in circumstances must not have been purposely brought about by the moving party. *Kaput v. Kaput,* 8th Dist. No. 94304, 2011-Ohio-10, at ¶15. "Finally, the trial court must evaluate the appropriateness and reasonableness of the award." *Flauto,* at ¶11, citing *Barrows v. Barrows,* 9th Dist. No. 21904, 2004-Ohio-4878 at ¶7. *See also* R.C. 3105.18(C)(1).

**{¶14}** At the time of the divorce, Stephen was ordered to pay Chantal spousal support for a term of five years. Approximately 16 months after the divorce, Stephen retired at the age of 53 after 34 years of service at General Motors. Stephen did not show any economic rationale for deciding to take this early retirement. Stephen testified that he had two knee surgeries and that his knee is "getting sloppy." He had not received any medical treatment for his knee in the last six months. Stephen had no work-related

health problems and appeared to be in very good health. Health reasons were not a factor in Stephen's decision to take early retirement at the age of 53.

{¶15} While Stephen testified that his employer was giving him hints that he should retire and that he was threatened with third shift duties, Stephen was never actually assigned to work third shift by his employer prior to his early retirement. Stephen had not been written up for any disciplinary problems prior to his retirement. There was no credible evidence presented that Stephen was forced to retire by General Motors.

{¶16} The magistrate recognized Stephen's duty to support his former wife and minor children finding that one of the motivating factors in Stephen's decision to retire from General Motors was to avoid his duty to provide spousal support to Chantal based upon the testimony and evidence presented.

{¶17} After a thorough review the magistrate concluded that the facts presented mirrored other cases standing for the proposition that an obligor's voluntary decision to take early retirement does not constitute a substantial change of circumstances under Ohio law. See *Bauer v. Bauer*, 2nd Dist. No. CA 7596, 1982 WL 3719 (April 15, 1982); *Chepp v Chepp*, 2nd Dist. No. 2008 CA 98, 2009 WL 988560 (Dec. 4, 2009); *Meyer v. Meyer*, 5th Dist. No. 47 CA 87, 1988 WL 59514 (May 26, 1988); *Williams v. Williams*, 11th Dist. No. 1347, 1987 WL 11024 (May 15, 1987). Thus, the magistrate found that Stephen's early retirement from General Motors constituted a voluntary decrease in income, and not an involuntary decrease pursuant to R.C. 3105.18(F). Consequently, there was no substantial change of circumstances since the spousal support order was entered and Stephen's motion to modify was denied. The trial court overruled Stephen's objections and adopted the magistrate's decision.

{¶18} The record supports the trial court's findings. Stephen testified that effective April 1, 2011 he retired from General Motors after having been employed just less than 34 years. Stephen believed that there was a move by management to get the older employees to retire as opposed to staying employed. He testified that it was painful to stay employed with them due to a reduction in responsibilities, threat of being moved down the ladder and the potential of being moved to third shift. Stephen stated that he

was approached by his supervisor after he complained about third shift and his personnel director said that maybe he should consider retirement. Stephen testified he exclusively worked first shift for the past 20 years.

**{¶19}** On cross examination, Stephen admitted that his employer had not actually taken any money away from him and had he not given them a reason for his termination they probably could not have terminated him. Stephen additionally admitted that though he was fully retirement eligible, he was receiving an early retirement supplement to his pension to bridge him over until the age of 67. Stephen admitted that his relationship with the children was estranged and if he had continued working that it would have benefitted his children, but he chose not to do that.

**{¶20}** Stephen testified that he lives with a woman named Diane Myers. Diane is employed and contributes to the operation of the household. Stephen has no intention to stay in the marital home and was asking for it to be sold at auction. He currently pays $1630 per month for the mortgage.

**{¶21}** Further, Stephen has an associate degree and stated that there is nothing about his retirement that prevents him from obtaining another job. He took extra classes and earned a journeyman toolmaker's card. Stephen admitted that he would like a low pressure job, like selling ice cream on the beach, when he was questioned by the Magistrate as to potential jobs. Further, he testified that he does not want to be employed in the area and intends to relocate. He admitted that as of the date of the hearing he had not applied anywhere.

**{¶22}** Chantal testified that since December of 2010 she had sold Ionic Foot Spas. She has received around $4,000 total as income from this endeavor. She stated that she is a full-time mother and that Stephen has no time with the girls. Chantal further testified that she recently received her share of Stephen's 401K in the amount of $24,000 which she used to pay debt. She stated that her job allows her to work and spend time with the children as well. Aside from the amount she makes selling spas, her two other sources of income are spousal and child support. Chantal submitted her expenses and testified that nothing was excessive and was the monthly bare minimum of what she spent.

**{¶23}** The burden was on Stephen to prove an involuntary, substantial change of circumstances. *Flauto, Kaput.* While Stephen may have felt threatened with termination, there was no evidence presented that he had been terminated, suffered a reduction in pay or was moved to the third shift. Stephen chose to retire early at a young age from General Motors fully aware of his monthly spousal support obligation. Nothing is precluding him from getting a new job; he has no health problems which limit his ability to work, and he has an education and substantial work experience. Further, he has someone who shares his household expenses, and anticipates selling the marital home which will relieve him of a substantial mortgage payment. The trial court did not abuse its discretion in denying Stephen's motion to modify spousal support; the record contains sufficient evidence supporting the trial court's finding that Stephen's retirement from General Motors at the age of 53 was a voluntary decrease in income. Accordingly, this argument is meritless.

### Imputing Income for Child Support

**{¶24}** Stephen further asserts the trial court abused its discretion by imputing income to him for purposes of child support. Pursuant to R.C. 3119.01(C)(11)(a), when determining the amount of income to be imputed to an unemployed/underemployed parent, the trial court is to consider the following criteria:

(i) The parent's prior employment experience;

(ii) The parent's education;

(iii) The parent's physical and mental disabilities, if any;

(iv) The availability of employment in the geographic area in which the parent resides;

(v) The prevailing wage and salary levels in the geographic area in which the parent resides;

(vi) The parent's special skills and training;

(vii) Whether there is evidence that the parent has the ability to earn the imputed income;

(viii) The age and special needs of the child for whom child support is being calculated under this section;

(ix) The parent's increased earning capacity because of experience;

(x) Any other relevant factor.

**{¶25}** The record contains evidence pertaining to these factors. Stephen holds an associate degree and earned a journeyman toolmaker's card. He was employed with General Motors for 34 years. Stephen has nothing precluding him from obtaining another job. He was 53 years old at the time of his retirement and there was no evidence that he suffers from any mental or physical health disabilities which would prevent him from working full time. Further, when questioned as to the prevailing wages and job opportunities in the community, Stephen testified that he does not want to be employed in this area and intended on relocating. He indicated that he subscribes to job sites and has jobs sent to him from the City of Wilmington, North Carolina. However, Stephen has not applied for any positions.

**{¶26}** The trial court did not abuse its discretion in finding Stephen voluntarily unemployed. It considered the statutory factors in R.C. 3119.01(C)(11)(a) and there was sufficient evidence in the record relative to those factors to support the trial court's finding. Accordingly, Stephen's first assignment of error is meritless.

### Allocating Burden of Proof

**{¶27}** In his second of three assignments of error Stephen asserts:

**{¶28}** "The trial court abused its discretion by not requiring the party claiming that Appellant was voluntarily underemployed to have the burden of proof."

**{¶29}** Stephen argues that Chantal, as the party claiming that the other party is voluntarily underemployed, has the initial burden of proof, citing *Staffrey v. Smith*, 7th Dist. 09-MA-107, 2010-Ohio-1296. Whether a parent is voluntarily underemployed is a matter within the trial court's discretion. *Rock v. Cabral*, 67 Ohio St.3d 108, 616 N.E.2d 218 (1993). Once the parent making the voluntary underemployment claim has met this burden, the burden shifts to the underemployed parent to show that he or she is working

at his or her potential. *Trenkamp v. Trenkamp,* 1st Dist. No. C-000203, 2000 WL 1760504 (Dec. 1, 2000).

**{¶30}** Stephen sought to modify both his spousal and child support obligations. While Stephen correctly states the allocation of the burden of proof regarding proof of voluntary underemployment, he fails to recognize that because he sought modification of his spousal support obligations, it was his burden to proceed. In order to modify his spousal support obligation, the burden was on Stephen to prove a substantial change in circumstances; specifically that he did not purposely reduce his income, to warrant modification. See *Cope v Guehl*, 7th Dist. No. 10CO26, 2011-Ohio-4311.

**{¶31}** Stephen acknowledges that he did indeed assume the burden of proof at trial, though he did not believe it was required. Stephen never objected at the magistrate's hearing, nor did he identify this as error in his objections filed on September 6, 2011. The first mention of an impermissible allocation was at the hearing before the trial court on Stephen's objections held on October 13, 2011, where counsel for Stephen stated "the burden of proof rests with the plaintiff in this case if she's raising that issue of voluntary unemployment." Stephen failed to properly make this argument. Generally, an issue need not be considered on appeal when it was apparent at the time of trial but not raised. *Republic Steel Corp. v. Bd. of Revision*, 175 Ohio St. 179, 192 N.E.2d 47 (1963), syllabus. Civ.R. 53 prohibits a party from raising an issue on appeal when an objection to the magistrate's decision raising that issue was not filed. See, also, *Ricart North, Inc. v. B.W. Towing, Inc.*, 10th Dist. No. 98AP-926, 1999 WL 333317 (May 25, 1999). Accordingly, Stephen has waived consideration of his second assignment of error on appeal.

### Procedural Defects to Challenge of Magistrate's Decision

**{¶32}** Stephen's third and final assignment of error asserts:

**{¶33}** "The trial court erred in adopting the Magistrate's Decision of March 13, 2012."

**{¶34}** This magistrate's decision found Stephen in contempt for failing to pay child and spousal support, and was based upon testimony and evidence presented in hearings

held January 13 and March 7, 2012 on Chantal's original and amended Motion for Contempt.

**{¶35}** Instead of filing objections, counsel for Stephen filed a Motion for Reconsideration on March 6, 2012 with the trial court seeking " a reconsideration of this Court's previous order not reducing Defendant's income for purposes of calculation of child support and spousal support." That order was issued by the trial court on December 8, 2011.

**{¶36}** Stephen based this motion upon a tape recording he made on February 3, 2011, which existed and was in his possession, both at the time he filed his motion to reduce his support obligations and it was heard. Yet he characterized it as newly discovered evidence that his retirement was involuntary, arguing to the trial court: "This recording further supplements Defendant's testimony and it is his belief that the Court would not want an error to exist in a previous judgment if there is clear evidence to support the original testimony that he was given no choice."

**{¶37}** On March 7, 2012, the trial court denied the motion:

Defendant/Stephen McCaffrey requests that the Court reconsider its previous order not to reduce his income for purposes of calculating child and spousal support. Although the Motion does not specifically identify the prior order, the Court assumes that Defendant/Stephen McCaffrey is referring to the Judgment Entry filed December 8, 2011 that denied his Motion to Modify Child and Spousal Support Obligation filed April 26, 2011.

Initially, the Court finds that the Ohio Civil Rules of Procedure do not provide for a motion for reconsideration, and such motions are considered a nullity when they are filed after a final judgment." *Pitts v. Dept. of Transportation* (1981), 67 Ohio St.2d 378, 379-380, 423 N.E.2d 1105. Here, because the trial court entered a final judgment on December 8, 2011, the subsequent Motion for Reconsideration of that order is a nullity.

In addition, Defendant/Stephen McCaffrey filed a notice of appeal in

relation to the December 8, 2011 Judgment Entry with the Seventh District Court of Appeals, in Case No: 12 MA 4. The appeal is currently pending. Once an appeal is perfected, the trial court is divested of jurisdiction over matters that are inconsistent with the reviewing court's jurisdiction to reverse, modify, or affirm the judgment. *State ex rel. Rock v. School Emp. Retirement Bd.,* 96 Ohio St.3d 206, 2002-Ohio-3957, 772 N.E.2d 1197, ¶8.

**{¶38}** The only two final orders on appeal which we have the jurisdiction to review are the December 8, 2011 order denying Stephen's motion to modify and the April 2, 2012 order granting Chantal's motion for contempt. No arguments have been made by Stephen challenging the substance of the April 2, 2012 order.

**{¶39}** Stephen now argues on appeal that the trial court erred in its April 2, 2012 order adopting the March 13, 2012 magistrate's decision "since it had been notified that Appellant has sought to object to such decision by phrasing the same as a Motion for Reconsideration," reasoning that the trial court "had the power to take such motion as a form of objection to the magistrate's decision that had not been drafted [.]" Stephen's assigned error fails due to multiple procedural errors which preclude us from reaching the merits.

**{¶40}** First, Stephen did not file objections to the March 13, 2012 Magistrate's Decision. Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion that the party did not first raise in their objections to the magistrate's decision. Civ.R. 53(D)(3)(b)(iv). Stephen makes no such plain error argument on appeal, and is thus barred from asserting any other error due to his failure to file objections.

**{¶41}** Second, Stephen's Motion for Reconsideration dealt exclusively with his arguments in furtherance of his previously filed motion to modify child and spousal support which had been already adjudicated. Final judgment was entered on that motion December 8, 2011 and appealed to this Court. Pursuant to *Pitts*, *supra*, the trial court properly denied that motion as a nullity. In fact, on March 28, 2012, Stephen filed a

motion with this court seeking leave to amend his notice of appeal to seek review of that decision. On April 20, 2012, we denied the motion, holding "As the motion for reconsideration of a final judgment is a legal nullity, appellant's motion for leave to amend his appeal to include the order of March 7, 2012 is denied."

**{¶42}** Stephen's Motion for Reconsideration cannot be construed as Objections to the Magistrate's Decision, and the trial court properly denied Stephen's Motion for Reconsideration. Accordingly, Stephen's third assignment of error is meritless.

**{¶43}** In sum, Stephen's arguments are meritless. The trial court did not abuse its discretion in failing to modify or terminate his spousal support obligation, and Stephen bore the burden of proof relative to his motion. Further, it was appropriate for the trial court to impute income to Stephen at his pre-retirement rate based upon the trial court's findings that Stephen's income reduction was voluntary. Finally, the trial court properly denied Stephen's Motion for Reconsideration and concluding it was a nullity because Stephen directed it to a final order. Moreover, we reject Stephen's argument that the trial court should have treated his reconsideration motion as Objections to the Magistrate's Decision of March 13, 2012, as there is no basis in law for doing so. Accordingly, the judgments of the trial court are affirmed.

Donofrio, J., concurs.

Waite, J., concurs.