[Cite as *Warino v. Worldwide News Corp.*, 2013-Ohio-5884.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| NICHOLAS L. WARINO, Jr., dba NLW PROPERTIES, | ) ) ) | CASE NO. 12 MA 153 |
| PLAINTIFF-APPELLEE, | ) ) | |
| - VS - | ) ) | OPINION |
| WORLDWIDE NEWS CORP., dba UPTOWN BOOK SHOP, | ) ) ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:    Civil Appeal from Common Pleas Court, Case No. 07 CV 4179.

JUDGMENT:    Affirmed.

APPEARANCES:
For Plaintiff-Appellee:    Attorney Scott Cochran
19 E. Front Street, Suite 1
Youngstown, OH 44503

For Defendant-Appellant:    Attorney Ronald Skingle
2450 St. Clair Avenue
Cleveland, OH 44114

JUDGES:
Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Joseph J. Vukovich

Dated: December 30, 2013

DeGenaro, P.J.

**{¶1}** Defendant-appellant, Worldwide News Corp., appeals the decision of the Mahoning County Court of Common Pleas denying its motion for a protective order. On appeal, Worldwide argues that the trial court erred in denying its motion for protective order and that ordering non-judgment debtors to appear for examination in collection proceedings is improper. Upon review, both of Worldwide's assignments of error are meritless. The trial court did not abuse its discretion in denying Worldwide's motion for protective order. A trial court can order non-parties to appear when a judgment creditor is attempting to collect on a judgment. Accordingly, the judgment of the trial court is affirmed.

**{¶2}** On November 6, 2007, Nicholas Warino filed a Complaint against Worldwide News Corporation, an Ohio corporation with corporate offices in Cleveland, Ohio alleging the breach of a lease between the parties; specifically that Worldwide failed to make the required payments, vacated the premises before the end of the leasehold and failed to maintain the premises. Warino sought damages for lost rental payments and the costs incurred to repair the premises. On April 18, 2008, Warino filed a motion for default judgment that was granted on May 23, 2008. A hearing for damages was held on June 25, 2008, and Worldwide did not appear. On June 27, 2008, the Mahoning County Court of Common Pleas rendered judgment against Worldwide in the amount of $309,116.25. Between December 12, 2008 and January 5, 2010, Warino made unsuccessful collection attempts.

**{¶3}** On November 12, 2010, Warino filed a motion requesting Joel Kaminsky and Rondee Kamins, representatives of Worldwide, to appear for debtor examination. Warino also requested the production of documents from Kaminsky, Kamins, Adult Mart Inc., General Video of America, Good Releasing Ltd., Leased Property of North Hills, LLC, Trans World News, Windy Hill Limited Co., and any other entity which Kaminsky or Kamins have or had an ownership interest. The motion was granted on November 15, 2010.

**{¶4}** After two continuances, on April 8, 2011 Worldwide filed a motion for a protective order, arguing that the discovery sought by Warino was: (a) unreasonably

cumulative or duplicative; (b) able to be obtained from some other less burdensome source; (c) that Warino had ample opportunity by discovery to obtain the information sought; (d) that the burden or expense of the proposed discovery outweighed the likely benefit; and (e) that the information sought was neither relevant nor calculated to lead to relevant information. On May 23, 2011, the motion was denied by magistrate's order. Worldwide filed objections to the magistrate's order and a motion to set aside the magistrate's order, which Warino opposed, and the trial court overruled. No transcript of the proceedings before the magistrate was filed with the trial court, nor was a transcript of the hearing before the trial court on Worldwide's objections filed as part of the record on appeal.

{¶5} In the first of two assignments of error, Worldwide asserts:

{¶6} "The trial court erred by denying defendant's motion for a protective order because the information sought by plaintiff is privileged, confidential, burdensome and not relevant to the subject matter involving the pending action."

{¶7} A denial of motion for a protective order is a final, appealable order, *Ramun v. Ramun*, 08 MA 185, 2009-Ohio-6405, ¶27, and is reviewed under an abuse of discretion standard. *State ex rel. Citizens for Open, Responsive, & Accountable Government v. Register*, 116 Ohio St.3d 88, 2007-Ohio-5542, 876 N.E.2d 913, ¶18. The term 'abuse of discretion' means an error in judgment involving a decision that is unreasonable based upon the record; that the appellate court merely may have reached a different result is not enough. *See Bergman v. Bergman,* 2d Dist. No. 25378, 2013-Ohio-715, ¶9; *Hall-Davis v. Honeywell, Inc.,* 2d Dist. Nos. 2008 CA 1, 2008 CA 2, 2009-Ohio-531, ¶35. "A decision is unreasonable if there is no sound reasoning process that would support that decision. It is not enough that the reviewing court, were it deciding the issue de novo, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result." *AAAA Enterprises, Inc. v. River Place Cmty. Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990). In other words, an appellate court may not substitute its judgment for that of the trial court unless, considering the totality of the circumstances,

the trial court abused its discretion. *Pepin-McCaffrey v. McCaffrey*, 7th Dist. No. 12 MA 4, 2013-Ohio-2952, ¶11. (internal citations omitted).

{¶8} Civ.R. 26(C) governs protective orders and provides:

Upon motion by any party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending may make any order that justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (1) that the discovery not be had; (2) that the discovery may be had only on specified terms and conditions, including a designation of the time or place; (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery; (4) that certain matters not be inquired into or that the scope of the discovery be limited to certain matters; (5) that discovery be conducted with no one present except persons designated by the court; (6) that a deposition after being sealed be opened only by order of the court; (7) that a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way; (8) that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court.

{¶9} The burden of showing that testimony or documents are confidential or privileged rests with the party seeking to exclude it. *Covington v. The MetroHealth Sys.,* 150 Ohio App.3d 558, 2002-Ohio-6629, 782 N.E.2d 624, ¶24, citing *Lemley v. Kaiser*, 6 Ohio St.3d 258, 263-264, 452 N.E.2d 1304 (1983).

{¶10} In its motion for a protective order, using conclusory statements, Worldwide made several requests for specific orders pursuant to Civ.R. 26(C) but provided no reasoning to support the motion. Significantly, a hearing was held on the motion, yet counsel for Worldwide failed to file a transcript of that proceeding for the trial court's and

this court's consideration. Accordingly, "a reviewing court must presume the regularity of the trial court proceedings and the presence of sufficient evidence to support the trial court's decision." *Giannini v. Daley*, 7th Dist. No. 01 CA 79, 2001-Ohio-3486, at *1. Moreover, Worldwide has waived the argument that the magistrate abused his discretion in denying the motion, because the failure to file the transcript "prevents the trial court, and therefore an appellate court, from reviewing the findings of fact." *See Smith v. Null*, 143 Ohio App.3d 264, 757 N.E.2d 1200 (4th Dist.2001); *Crawford v. Ribbon Tech. Corp.*, 143 Ohio App.3d 510, 758 N.E.2d 674 (10th Dist.2001); *Milick v. Ciapala*, 7th Dist. No. 02 CA 53, 2003-Ohio-1427, ¶13. Given the standard of review and the deficiency of the record, we are unable to determine whether the trial court abused its discretion by denying the protective order. Accordingly, this assignment of error is meritless.

{¶11} In the second of two assignments of error, Worldwide asserts:

{¶12} "The trial court erred by ordering non-judgment debtors to appear and produce confidential personal and corporate financial and trade documents from individuals and entities other than the judgment debtor."

{¶13} Worldwide is attempting to present an argument on behalf of Kaminsky and Kamins within this assignment of error. Neither party entered an appearance during the trial court proceedings or sought to intervene below. Further, neither is a party before this court on appeal. We must address Worldwide's standing to assert this argument.

{¶14} "Appeals are not allowed for the purpose of settling abstract questions, but only to correct errors injuriously affecting the appellant." *Ohio Contract Carriers Assn., Inc. v. Pub. Util. Comm.*, 140 Ohio St. 160, 42 N.E.2d 758 (1942), syllabus. An appellant usually does not have standing to argue issues affecting another person. *In re Leo D.*, 6th Dist. No. Lucas App. No. L-01-1452, 2002-Ohio-1174, *2 fn. 2. "Similarly, a party generally may not prosecute an appeal to protect the rights of a third party." *Mulqueeny v. Mentor Chiropractic Center, Inc.*, 11th Dist. No. 2001-L-034, 2002-Ohio-1687, *2. An appellant may not assign errors committed against a non-appealing party, unless the errors are prejudicial to the rights of the appellant. *In re Smith*, 77 Ohio App.3d 1, 13, 601 N.E.2d 45 (1991).

**{¶15}** Worldwide does not assert how the judgment of the trial court ordering Kaminsky and Kamins to appear and produce information adversely affected its interests, or that the errors complained of on appeal are prejudicial to its rights on appeal. Worldwide therefore lacks standing to further this argument on Kaminsky and Kamin's behalf.

**{¶16}** In light of the record, it cannot be said that the trial court abused its discretion in denying Worldwide's motion for protective order. Additionally, Worldwide does not have standing to assert alleged errors relating to Kaminsky and Kamins, non-parties to this appeal. As such, the judgment of the trial court is affirmed.

Donofrio, J., concurs.

Vukovich, J., concurs.